### DURANT v. CORBIN.

(Circuit Court, D. Washington, E. D. May 22, 1899.)

1. MINERAL LANDS—JOINT LOCATION OF PLACER CLAIMS.

It is the policy of the government, in disposing of its mineral lands, to make a general distribution among as large a number as possible of those who wish to acquire such land for their own use, and it is contrary to this policy, and to the provisions of Rev. St. §§ 2330, 2331, to permit one person to cover more than 20 acres of placer ground by one location by the device of using the names of his employés or friends as locators.

2. SAME—RIGHTS IN CLAIMS ON INDIAN LANDS—NECESSITY OF SHOWING ACTUAL MINERAL CHARACTER OF LAND.

Where mineral claims in litigation are located on lands recently a part of an Indian reservation, and which have not been opened to occupation by white people except for mining purposes, the actual mineral character of the land involved must be shown, otherwise the court will not adjudicate rights therein in favor of either party.

This was a suit in equity to adjudicate conflicting rights in mining claims on the public lands.

Heyburn, Price, Heyburn & Doherty, for complainant.
Albert Allen, for defendant.

HANFORD, District Judge. This is a suit in equity, brought under section 2326, Rev. St. U. S., in support of the complainant's adverse claim, filed in the United States land office at Spokane, against the application of the defendant for a patent for Sheep Creek placer claim. The complainant claims, by purchase from the locators thereof, the Lost Axe and Clifford mining claims, each containing 20 acres, which are within the boundaries of Sheep Creek placer claim, containing 160 acres, located by a company of eight persons, seven of whom have executed deeds conveying their rights to the defendant. In their pleadings each party claims priority in point of time in the making of their respective locations, both being made on the same date, to wit, February 20, 1896. There is, however, such preponderance of the evidence in favor of the defendant on this point that counsel for the complainant upon the hearing

practically conceded that the location of the Sheep Creek placer claim was prior in point of time to the locations of the Lost Axe and Clifford. The complainant, however, contests the validity of the Sheep Creek location on the ground that the same was not made bona fide by all of the eight persons named, and charges that all of them except R. A. Hutchinson, who has not given a deed of his interest to the defendant, were either employés of the defendant, and acting for him in locating said claim, or they were friends of the defendant, who had nothing whatever to do with making said locations, and that the defendant simply used their names as locators, in the expectation that they would afterwards convey whatever colorable rights might be acquired in their names to him without consideration. The evidence fully sustains the contention of the complainant that the location of Sheep Creek placer claim was merely a scheme on the part of the defendant to acquire title to the ground by using the names of his employés and friends as locators. I have no difficulty in finding this to be the case from the testimony of the defendant himself, who frankly admits that he arranged for and directed the location of said claim, and that his purpose was to be sure of having the ground located in the names of his friends, with whom he could deal on terms satisfactory to himself; and he also admits that he has paid no consideration for the conveyances which the locators have made to him. The evidence shows, however, that he did pay some of the locators who went upon the ground for doing so. The defendant claims that the location of the Sheep Creek placer claim in the manner in which it was made is authorized by section 2330, Rev. St. U. S., which reads as follows:

"Sec. 2330. Legal subdivisions of forty acres may be subdivided into ten-acre tracts; and two or more persons, or associations of persons, having contiguous claims of any size, although such claims may be less than ten acres each, may make joint entry thereof; but no location of a placer-claim made after the ninth day of July, eighteen hundred and seventy, shall exceed one hundred and sixty acres for any one person or association of persons, which location shall conform to the United States surveys; and nothing in this section contained shall defeat or impair any bona-fide pre-emption or homestead claim upon agricultural lands or authorize the sale of the improvements of any bona-fide settler to any purchaser."

It was necessary to use the names of eight persons, because section 2330 provides that no location of a placer claim shall include more than 20 acres for each individual claimant, and it was considered necessary to secure the largest area allowed to an association by section 2330, in order to secure the water rights necessary, as the defendant claims, to profitably work the ground. The advantage of securing a large area is obvious, and no doubt selfishness would dictate the claiming of a much larger tract than 160 acres if the utmost limit of the law would permit it. But the policy of the government in disposing of the mineral lands, as well as other portions of the public domain, is to make a general distribution among as large a number as possible of those who wish to acquire such land for their own use, rather than to favor a few individuals, who might wish to acquire princely fortunes by securing large tracts of such land; and it is contrary to this policy, and to the provisions of sections 2330

and 2331, for one person to cover more than 20 acres of placer ground by one location by the device of using the names of his employés and friends as locators. Gird v. Oil Co., 60 Fed. 545.

If only the contentions of the parties were to be considered, I would hold that the defendant's claim is valid to the extent of 20 acres only, and that he should select the 20 acres within the boundaries of the claim, so as to relinquish all right to the Lost Axe and Clifford locations, and that the complainant be adjudged to have the superior right to the ground claimed by him; but, considering that these claims are within the boundaries of a tract once set apart for an Indian reservation, which has not been opened to occupation by white people for any other purpose than locating, developing, and operating mines, it is quite important that, before either party shall be adjudged to have acquired the right to a patent, there should be a showing that the ground claimed is in fact mining ground, containing gold or other precious metals in sufficient quantity to pay for working, and that the purpose of the parties in acquiring title is to develop and operate mines. Having read with care all of the evidence offered, I am forced to conclude that the parties have intentionally refrained from attacking each other on the ground that the land claimed is not subject to entry under the placer mining laws, and that they have assumed that the court would take it for granted that the land claimed is mineral land, in the absence of any dispute in that regard. The defendant claims to have expended $2,000 in locating and developing the Sheep Creek placer claim, but the character of any development work which may have been done is not shown by the evidence; neither does the evidence show the nature of any work done by the complainant or his vendors. In answer to leading questions, two of the complainant's witnesses stated that they had found gold within the Lost Axe and Clifford claims, and no further questions were asked either upon direct or cross examination; and on the part of the complainant there is no further showing as to the value of his claim for mining purposes. The evidence on the part of the defendant is equally vague and unsatisfactory. Some of the witnesses testify that they found a number of colors; that they found evidence of placer-mining work having been done in the past; that miners who had been engaged in such work had been driven away by the Indians. There is other testimony to the effect that this ground is richer than some other ground along the Columbia river, but there is no evidence whatever as to the value of the Columbia river ground referred to for mining purposes. I am unable to draw even an inference as to the value of this ground by comparison with unidentified ground in the vicinity of the Columbia river. Presumably, the land and water rights are valuable for purposes other than mining, and, without evidence to show affirmatively that the land located is the character of land which the law authorizes individuals to enter, the court cannot decide that either party is entitled to receive a patent. For lack of evidence that the ground in dispute, or any part of it, is subject to entry under the laws as placer-mining ground, it will be decreed that neither party is entitled to any part of the land claimed.