## DAILEY v. NASSAU COUNTY RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 22, 1900.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—INJUNCTION—PLEADING.

A complaint alleged that trustees of a village were about to consent to the construction of a street railway on a certain street in front of plaintiff's premises by an ordinance to be passed; that the street was not a public highway; that plaintiff owned to the center of the street; that she is the grantee of a religious corporation, the act of incorporation of which provided that no railroad should be laid out over its property without its consent; and that the consent of the trustees would be illegal and void. *Held*, that the complaint did not state a cause of action against the trustees, since, if the facts alleged were true, the ordinance would be void on its face, and hence it did not appear that a cloud upon plaintiff's title would be created by its passage, and municipal bodies will not be enjoined from the passage of ordinances and resolutions void on their face, but would only be enjoined from their enforcement in a proper case.

2. SAME—STREET RAILROADS.

In a suit to enjoin trustees of a village from consenting to the construction of a street railway on a street claimed to be owned by plaintiff, it not appearing that the company was attempting to act on such consent, the danger to plaintiff is too remote and speculative to sustain the complaint against the railroad company, it being insufficient against the trustees.

Appeal from special term, Nassau county.

Suit by Rosalia Dailey against the Nassau County Railway Company, the Long Island Railroad Company, and Francis E. Sherwood, president, and Peter Blank and Edwin H. Speed, trustees, of the village of Sea Cliff. Demurrer to the complaint sustained, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

A. H. Dailey, for appellant.

Alexander S. Bacon, for respondents.

JENKS, J. The special term sustained the demurrer of the trustees that the complaint does not state a cause of action. The plaintiff would enjoin the trustees of the incorporated village of Sea Cliff, as the local authorities thereof, from granting consent to the defendant the Nassau County Railroad Company to construct a street surface road in certain streets in front of plaintiff's premises. Read with all intendments for the plaintiff, the complaint is that the trustees have proceeded upon an application and propose to give such consent as to streets which, though within the corporate limits of the village, are not public highways, in that they lie in a tract owned by a certain religious corporation and its grantees, and were laid out by said corporation, and are now owned by it or by its said grantees. The plaintiff complains that as such a grantee she owns and is in possession of premises abutting upon the said streets, and that she also owns to the center of such a street in front of her premises. Plaintiff complains that by chapter 361, Laws 1872, said religious corporation was "authorized and empowered to erect and maintain suitable parks, piers, wharfs and landing places along the shore of

the lands which they have acquired or may acquire in the town of Oyster Bay in Queens county, and shall have exclusive control thereof, and of the property which they may own, and no railroad shall be opened or laid out over or through said property without the consent of said corporation." Plaintiff does not allege waste or fraud or corruption, but that the consent would be illegal and void.

Assuming, as we must, that the facts alleged by the plaintiff are true, her grievance against the local authorities is that such a resolution of consent would affect private property. The giving of such consent is an exercise of sovereign power, conferred by the constitution of the state and by the statutes, which make consent from the local authorities a prerequisite, in that the trustees are the local officers in charge and in control of the public highway in the interest of the public therein. Kittinger v. Traction Co., 160 N. Y. 377, 54 N. E. 1081; Adamson v. Railroad Co., 89 Hun, 261, 34 N. Y. Supp. 1073, approved in Kittinger v. Traction Co., supra; In re Rochester Electric Ry. Co., 123 N. Y. 351, 357, 25 N. E. 381. The consent, then, would not be based upon any claim of property rights of the village.

The right to construct and to operate a street railway is a franchise which has its source in the sovereign power. Fanning v. Osborne, 102 N. Y. 447, 7 N. E. 307. Under the railroad law, such a corporation cannot construct its road through private property without compensation; so there is no longer any room for the query (which hardly, however, indicated a doubt upon this proposition) in Fanning v. Osborne, supra. Until the corporation comply with "the statutory conditions of its right," it has no apparent right,—no apparent authority. In re Rochester Electric Ry. Co., supra; Brooklyn Heights R. Co. v. City of Brooklyn, 152 N. Y. 246, 46 N. E. 509.

So far, then, as the trustees are concerned, this legislative act of such an inferior body is limited, by its very letter of authority, to public highways; and therefore any attempt to legislate as to private property is ultra vires the local authorities, and the resolution would be a nullity upon its face. Follett, J., in Geneva & W. Ry. Co. v. New York Cent. & H. R. R. Co., 90 Hun, 9, 35 N. Y. Supp. 339, affirmed in 152 N. Y. 632, 46 N. E. 1147, says: "The determination of the commissioners does not deprive any individuals of a private right. The rights of individuals are otherwise protected, and the determination simply affects the rights of the public committed to the charge of the commissioners." See, too, McCruden v. Railway Co., 5 Misc. Rep. 59, 25 N. Y. Supp. 114, affirmed in the opinion 151 N. Y. 623, 45 N. E. 1133. The mere resolution of consent is not evidence of any rights in the premises, nor is it made presumptive evidence of any authority over them. So far as the defendant the railroad corporation is concerned, such resolution in its hands would not avail unless the street was shown to be a public highway when the resolution was enacted, and so it could be made effective only by proof of what plaintiff says is not the fact. The plaintiff is in possession. Before any cloud could be cast by such resolution, complainant "must show in limine" that the resolution creates "at least a prima facie liability or incumbrance, which he must overcome by extrinsic proof." Town of Springport v. Teutonia Sav. Bank, 75 N.

Y. 397. And in this case the court say that no rule is more fully established than that "equity will not interfere in the case of an instrument invalid on its face, nor where its invalidity will appear upon the proofs of the party claiming under it, even where it affects the title to land." See, too, Dederer v. Voorhies, 81 N. Y. 153; Guest v. City of Brooklyn, 69 N. Y. 506; Scott v. Onderdonk, 14 N. Y. 9, 14.

The plaintiff lays stress upon the fact that the statute provides that such consent shall be filed in the office of the county clerk. The filing is proof of nothing but of the fact of the passage of the resolution. The statute is silent as to either purpose or effect, which, I infer, is but to keep the evidence and to facilitate the proof. Such filing would not embarrass the owner or impair his power of alienation, which are the grounds of equitable interference. Bissell v. Kellogg, 60 Barb. 617, citing authorities, affirmed 65 N. Y. 432. And the court does not hear a suit "to remove a doubt which might be created in the minds of persons dealing with the title, provided the means of forming a correct legal judgment are patent on the face of the instrument or proceeding by which the existence or nonexistence of the right in question must be determined." Mellen v. Mellen, 139 N. Y. 210, 219, 34 N. E. 925. See, too, Sherman v. Railway Co., 92 Hun, 39, 36 N. Y. Supp. 692; Leach v. Day, 27 Cal. 643.

The learned counsel for the appellant overlooks an important distinction stated by Mr. High in his book on Injunctions (volume 2, § 1243):

"A distinction, however, is properly drawn between the case of restraining an illegal act attempted under the authority and sanction of a municipal body and restraining the corporation itself from granting such authority. And while courts of equity will not enjoin municipal bodies from the passage of ordinances or resolutions, yet after the passage of such ordinances or resolutions the courts may and will, on a proper case being shown, prevent their enforcement, and for this purpose may enjoin proceedings thereunder which would otherwise result in irreparable injury."

The learned counsel for the plaintiff cites Clark v. Davenport, 95 N. Y. 477, and King v. Townshend, 141 N. Y. 358, 36 N. E. 513, as authorities that the creation of a cloud upon title may be restrained by injunction. The first case is an authority for the general principle (page 483), though it denied the relief. The second case deals with the giving of a lease upon a tax sale, which lease "was armed" with presumptions. My conclusion does not deny this principle, but the application of it.

The plaintiff has ample and speedy remedy if the corporation attempt to trespass upon her property. Clark v. Traction Co., 10 App. Div. 354, 41 N. Y. Supp. 1109; McCruden v. Railway Co., supra; Syracuse Solar Salt Co. v. Rome, W. & O. R. Co., 67 Hun, 153, 22 N. Y. Supp. 321. But so far as she seeks it against the railroad corporation in this suit, as incidental and supplementary to the main relief asked, suffice it to say that the danger appears too speculative and too remote to uphold this complaint solely for such a purpose. Sanders v. Village of Yonkers, 63 N. Y. 489; Reynolds v. Everett, 144 N. Y. 189, 194, 39 N. E. 72. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.