CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLANT, V. CITY OF LINCOLN ET AL., APPELLEES.

FILED JANUARY 5, 1910.   No. 15,896.

Cities: ORDINANCES: INJUNCTION. As a general rule courts will not enjoin the passage of an alleged unauthorized resolution or ordinance by a municipal corporation. An injunction should not issue in such a case until some effort is made to enforce such resolution or ordinance.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. Affirmed as modified.

M. A. Low, E. P. Holmes and G. L. De Lacy, for appellant.

J. M. Stewart, T. F. A. Williams, C. E. Flansburg and L. A. Flansburg, contra.

BARNES, J.

This action was commenced in the district court for Lancaster county to restrain the mayor and council of the city of Lincoln from passing an ordinance requiring the plaintiff to construct, equip and maintain viaducts on P and J streets in said city over and across its railroad track where it crosses said streets. The petition assigns many reasons for the interposition of a court of equity, and, if the allegations contained therein are true, it is possible that at the proper time plaintiff may be entitled to the relief sought, but that question, however, is not determined in this action, and upon that point we express no opinion. Answer was filed by the defendants, challenging the truth of some of the averments of the

petition, and admitting others. A reply was filed by the plaintiff, and upon the issues joined there was a trial; judgment was rendered for the defendants dismissing the action, and the plaintiff has appealed.

It appears from the record that the district court found generally for the defendants, and so we are unable to ascertain upon what point the decision turned. It appears, without dispute, that at a general election held in the city of Lincoln on the 7th day of May, 1907, there was submitted to the voters the question: "Shall the mayor and council of the city of Lincoln have the power and authority to order, direct and require the Chicago, Rock Island & Pacific Railway Company to construct complete, ready for travel, a viaduct on P street over and across the tracks of said company, together with approaches thereto, and to keep and maintain the same in repair and safe for public travel?" It also appears that at the same time the following question was submitted to the vote of the people: "Shall the mayor and council of the city of Lincoln have the power and authority to order, direct and require the Chicago, Rock Island & Pacific Railway Company to construct and complete, ready for travel, a viaduct on J street at and near the intersection of Twenty-fourth and J streets over and across the tracks of said company, together with approaches thereto, and to keep and maintain the same in repair and safe for public travel." It further appears that the propositions above quoted were adopted or carried by a majority of the votes cast at said election.

It is alleged in plaintiff's petition that the defendants, the mayor and council of the city of Lincoln, threaten to and will introduce and pass an ordinance in pursuance of the authority thus granted them requiring the plaintiff to construct and maintain such viaducts, unless restrained by the order of the court. It thus appears that no ordinance has been introduced or passed by the defendants, and therefore there is no ordinance requiring the construction of the viaducts above mentioned. The

defendants' contention is that this action was prematurely brought, for the reason that the mayor and council cannot be enjoined from passing an ordinance under the authority granted them by the city charter and the adoption of the proposition above quoted, but can only be enjoined from enforcing such an ordinance in case the same invades the constitutional rights of the plaintiff, and the judgment of the district court must be affirmed.

We find the general rule to be that a municipal corporation, in the exercise of legislative power in relation to the subjects committed to its jurisdiction, can no more be enjoined than the legislature of the state.. 22 Cyc. 890; 1 Dillon, Municipal Corporations (4th ed.), sec. 308, and note; *Stevens v. St. Mary's Training School,* 144 Ill. 336, 18 L. R. A. 832, 36 Am. St. Rep. 438; note to *Roberts v. City of Louisville,* 13 L. R. A. 844 (92 Ky. 95); *Lee v. City of McCook,* 82 Neb. 26; *Enders v. Friday,* 78 Neb. 510; *Kittinger v. Buffalo Traction Co.,* 160 N. Y. 377; *Des Moines Gas Co. v. City of Des Moines,* 44 Ia. 505. To this general rule, however, there are the following exceptions. Where the mere passage of the ordinance would ordinarily occasion, or would be followed by, some irreparable loss or injury beyond power of redress by subsequent judicial proceedings, or when it would cause a multiplicity of suits, the passage of the ordinance may be enjoined. It seems clear, however, that the facts of this case do not bring it within any of the exceptions. In the instant case the mere passage of an ordinance requiring the construction of the viaducts in question will cause no injury to the complainant. Plaintiff can only be injured, if at all, by the enforcement of such an ordinance, if one be subsequently passed. Although it is stated that the defendants threaten to pass the ordinance, they may never agree upon its passage, and, if passed, they may never attempt to enforce it, and so we are of opinion that until such an ordinance is passed, and its enforcement is attempted, injunction will not lie.

It thus appears that the judgment of the district court dismissing the action was the only one which could have been rendered. This opinion, however, shall not be construed to in any manner affect the proceedings in, or the merits of, any future action. It is therefore ordered that the judgment of the district court be modified so that it shall be a dismissal without prejudice, and as thus modified it is affirmed.

AFFIRMED AS MODIFIED.