IRA BIXBY v. L. H. ROSCOE ET AL.

February Term, 1910.

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Motion for Verdict—Construction—Taxation—Exemption—Offer by Town—Practical Construction—Commencement of Exemption—Acceptance of Offer—Withdrawal of Exemption—Swearing to Inventory—Question of Jury—Witnesses—Unresponsive Answers—Town Meeting—Posting of Warning—Evidence Abstract of Individual List—Alteration—Erroneous Inclusion of Property—Effect—Brief—Stating Points Relied on—Constables—Oath of Office—Necessity.*

Where the record shows that defendant's motion for a directed verdict was construed by both parties in the court below, and by that court in rendering its decision, as made on a certain ground, in addition to other grounds, and it is open to that construction, it will be so construed by this Court.

Where a party to a unilateral contract has had the benefit of the consideration for which he bargained, he is bound by the contract.

Assuming the general rule to be that, to create a binding contract, an offer by a town to exempt property invested in manufacturing, naming no time for acceptance, must be accepted within a reasonable time, still where such offer to exempt for five years from the commencement of business was treated by both parties as open, by the manufacturer in removing his plant to the town and there operating it, and by the town in exempting the property in each of the three years next following, that was a practical and binding construction by the parties that the acceptance was reasonable.

As V. S. 365 authorized a town by vote to exempt from taxation "for a term not exceeding ten years from the commencement of business," property invested in manufacturing, a vote under that section "to exempt from taxation for a term not exceeding five years all property invested in manufacturing purposes" is construed as for five years "from the commencment of business."

Where a person removed his manufacturing plant to a town and there operated it in reliance on the town's vote, under P. S. 365, "to exempt from taxation for a term not exceeding five years all property invested in manufacturing purposes," the exemption could not be withdrawn to his prejudice during the five years from the commencement of that business there.

In assumpsit to recover taxes assessed against defendant, where the evidence was conflicting as to whether his inventory was sworn to by him before a lister, as it purported to have been, that was a material issue in the case and should have been submitted to the jury.

Where a taxpayer to the knowledge of the listers refuses to make oath to his inventory, the listers have no authority to base his list thereon, but should, under P. S. 561, ascertain as best they can the amount of his taxable property, appraise it at its true value and double the amount so obtained, and it is essential to the validity of the list that this method be followed.

A proper question, asked a witness not a party, is not rendered improper by an unresponsive answer.

Error does not appear where the bill of exceptions states that defendant asked to have a witness's unresponsive answer stricken out, but the transcript, made controlling, does not show that defendant so asked.

Evidence that the warning of an annual town meeting, recorded February 15, was for a meeting of the legal voters of the town on Tuesday, March 2, following, and that such meeting was held at the time and place specified in the warning, whereat officers were elected and business transacted pursuant to the articles of the warning, is *prima facie* evidence that the warning was posted as required by law.

Since the statute requiring the listers to make an abstract of the individual list of all the taxpayers does not provide for any distinction in the abstract between a list that is based on a taxpayer's inventory and a list made by the listers under the provisions of law because of the taxpayer's wilful failure to make a proper inventory, the abstract need not show the specific action of the listers in making a particular list.

The listers' abstract of the individual list of all taxpayers cannot be excluded from evidence because of alterations shown on its face, where the town clerk testified that no alterations had been made in it after it was lodged in his office by the listers.

The inclusion of machinery in a tax list both properly as a part of the real estate to which it is fixed, and erroneously as personal property, and the assessment of it in each form, is within P. S. 606, providing that the

assessment of a tax made up in part of property erroneously in the list does not invalidate the whole tax, but only such as is assessed on the invalid part of the list.

An exceptor must state in his brief the precise point on which he relies as reversible error, and where he does not, this Court will not examine the several grounds named in taking the exception to see whether error was committed.

A constable is in authority under the town in which he is elected, and so need not subscribe the oath of office required by Ch. 2, §29 of our Constitution of "officers in authority under this State."

ASSUMPSIT begun by trustee process for the collection of taxes. Plea, the general issue with notice. Trial by jury at the March Term, 1910, Chittenden County, *Stanton, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. At the close of the plaintiff's case, and again at the close of all of the evidence, defendant moved for a directed verdict in his favor on the grounds stated in the opinion. Motion overruled, to which defendant excepted.

*C. S. Palmer* and *V. A. Bullard* for the defendants.

The listers of the town of Essex, knowing of the vote of the town and knowing of defendant's removal of his printing plant from Jericho to Essex under the inducement which such vote offered, by their action in exempting defendant's printing plant from taxation for three years, have estopped the town from now denying to the defendant the right of his exemption claimed in this action. *Locklin* v. *Davis*, 71 Vt. 321; *Ill. Trust & Savings Bank* v. *Arkansas City*, 22 C. C. A. 171; *Brookhaven* v. *Smith*, 118 N. Y. 634; *Spencer* v. *Andrew*, 82 Iowa 14; *Am. Gas & V. M. Co.* v. *Wood*, 90 Me. 516.

*Martin & Bailey* and *Darling & Mower* for the plaintiff.

WATSON, J. This action is brought under the statute (P. S. 644) to recover by trustee process taxes assessed against the defendant in the town of Essex for the year 1909. At the close of the plaintiff's opening evidence the defendant moved that a verdict be directed in his favor because (1) it does not appear that the taxes sought to be recovered are legal and such as the

defendant is bound in law to pay, nor that the plaintiff is legally qualified to collect them; (2) it does appear that said taxes are illegal, that the plaintiff is neither qualified nor authorized by law to collect the same, and (in the language of the bill of exceptions) "that the defendant's printing establishment was exempt from taxation by virtue of the vote of the town of Essex." The motion was overruled, to which an exception was taken. Thereafter evidence was introduced in defence and in rebuttal. At the close of the evidence, the defendant renewed his motion for a verdict "on the grounds and for the reasons stated." This was overruled and an exception allowed. The plaintiff then moved for the direction of a verdict in his favor, whereupon the defendant made requests that the case be submitted to the jury. The defendant's rquests were overruled and a verdict ordered for the plaintiff to recover the amount of the taxes in question, to which defendant excepted.

It is argued by the plaintiff that defendant, in his motion for a verdict, cannot stand upon the claim that the property taxed was exempted by vote of the town, because, as shown by the transcript of the complete record of the trial, which is made a part of the bill of exceptions and is to control, this ground is not stated in the motion. It appears from the transcript, however, that in the court below the motion was construed by counsel on both sides, and by the court in rendering its decision thereon, as covering this ground. It being subject to such construction, the consideration of this Court will be directed accordingly.

The record shows that at the annual town meeting of Essex, in March, 1896, pursuant to an article in the warning sufficient for that purpose, it was "voted to exempt from taxation for a term not exceeding five years all property exceeding in amount the sum of one thousand dollars, invested in manufacturing purposes agreeably to section 365 of the Vermont Statutes." This action of the town was never rescinded.

It appeared from the uncontradicted evidence on the part of the defendant that he was formerly engaged in the business of conducting a general and mercantile printing plant in the town of Jericho, this State; that while thus engaged his attention was called to the said vote of the town of Essex, and, after con-

ferring (through his agent) with the officers of that town concerning the matter of the exemption of his plant, he removed the same to Essex in the spring of 1904 in acceptance of the proposal contained in its said vote, and commenced business there in September following; that the plant was in fact exempted from taxation in that town for the first three years after the removal; that in the quadrennial appraisal of 1906 it was noted as exempt, and although in the list of that year, by mistake, the exemption was not made, on discovering the error the tax was abated; that in 1908 defendant received notice that the exemption was disallowed, but received it too late and after the time for the hearing of persons aggrieved had passed. In 1909 the plant was taxed and some of the taxes here in question were assessed thereon.

In the course of the discussion on defendant's motion for a verdict at the close of plaintiff's opening case, the court ruled that the defendant's printing plant was a manufacturing establishment within the meaning of the statute. No exception was taken to this ruling, and, as we understand it, a concession to the same effect was made by counsel for the plaintiff in the argument before us.

In overruling the motion the court held that the statute does not confer on towns the right to exempt manufacturing establishments by a vote general in terms, like that taken by Essex in 1896. But no such claim is made by the plaintiff in this Court, nor could there well be, for it was expressly held otherwise in *Caverly-Gould Co.* v. *Springfield*, 83 Vt. 396, 76 Atl. 39. The plaintiff contends, however, that the defendant did not accept the offer within a reasonable time, and consequently his property is not within the exemption. Assuming but not deciding the general rule of law to be, as claimed, that when no limitation of time is named within which the offer is to run, the acceptance must be within a reasonable time, yet when as here the offer is treated as open by both the town making it and by the acceptor, and is acted upon by both—by the latter in removing his manufacturing establishment to that town and there operating the same, and by the town in exempting such establishment in fact from taxation for the three successive years following the removal—a practical construction

of the contract is given and acted upon by the parties, showing the acceptance to have been within the legal limitation of the time of the proposal. In such circumstances the town is not in a position to say the offer came to an end before the time of the acceptance, and the rule applies that where a person has had the benefit of the consideration for which he bargains in a unilateral contract he is held bound. *Richardson* v. *Hardwick*, 106 U. S. 252, 27 L. ed. 145, 1 Sup. Ct. 213; Wald's Pollock on Cont. by Williston, 35, and Note 40.

Adverting to the proposal shown by the vote, it was "to exempt from taxation for a term not exceeding five years, all property * * * * invested in manufacturing purposes, agreeably to section 365 of the Vermont Statutes." We construe the offer thus made to be as broad as the statute, except as to the term of the exemption, which was limited to five years, that is, five years from "the commencement of business." The statute does not authorize such exemption to be made from an earlier date. And since the defendant removed his plant to Essex in acceptance of the offer, he was entitled to the exemption thereof, including the real estate, such machinery, appliances and buildings as were necessary for the prosecution of the business, and all capital and personal property used in such business, for the full term of five years from the commencement of business there (see *Westmore Lumber Co.* v. *Orne*, 48 Vt. 90), and the town could not within that period withdraw the exemption to his prejudice. *Caverly-Gould Co.* v. *Springfield*, cited above; *City of Middlesboro etc.*, v. *New South Brewing & Ice Co.*, 108 Ky. 351, 56 S. W. 427; *Home of the Friendless* v. *Rouse*, 8 Wall. 430, 19 L. ed. 495; *McGehee* v. *Mathis*, 4 Wall. 143, 18 L. ed. 314; *Memphis &. St. Louis R. R. Co.*, v. *Loftin*, 105 U. S. 259, 26 L. ed. 1042. Therefore to order a verdict for the plaintiff was error.

The result of the case, however, does not depend on this exemption alone; for the record shows real estate owned by and taxed to the defendant, not a part of his manufacturing plant, also a poll-tax against him.

The plaintiff's evidence tended to show that the defendant's inventory, marked exhibit F, was signed and sworn to by him, as on its face it purports to have been; that there being some

irregularity as to one or more of the answers to interrogatories, the listers requested the defendant to change the inventory in those respects, which he refused to do; that the inventory was accepted by the listers and the defendant's list made up, based thereon. The defendant's evidence tended to show that, although he filled out this inventory by way of answering the interrogatories, and signed it, and sent it to the listers, it was never sworn to by him. The inventory purports to have been sworn to by the defendant before the lister whose name is signed to the jurat, and not otherwise. Whether it was so sworn to was a material question in the case, and should have been submitted to the jury. If the defendant intentionally omitted to make oath thereto, as his testimony tends to show, the circumstances shown by the evidence were such that the listers in the performance of their duties must have had knowledge thereof, and they had no authority in law to base his list thereon. The statute is, that in such circumstances the listers shall ascertain as best they can the amount of the taxable property of such taxpayer, appraise the same at its true value in money and double the amount so obtained, etc. P. S. 561. This is the method prescribed by law for making a recusant taxpayer's list (*Bartlett* v. *Wilson*, 59 Vt. 23, 8 Atl. 321), and it is essential to the validity of the list that such method be followed. This has been held even to the extent of the real estate appearing in the quadrennial appraisal. *Smith* v. *Stannard*, 81 Vt. 319, 70 Atl. 568.

The town clerk, called as a witness by the plaintiff, was asked to state whether or not the warning for the annual town meeting in 1909 was posted in a public place, and if so, where, if he knew. This was objected to as incompetent. The witness answered, "I know that they were posted in three public places." No objection was made to the answer. The question was a proper one, and it was not rendered improper by the unresponsive answer. The bill of exceptions states that defendant asked to have this answer stricken out, but the transcript, made controlling, does not show that defendant so asked nor that the court made such refusal. The witness then testified without objection that he knew the warning was posted in two of those places more than twelve days and that the notice was

recorded. He was then asked whether he was able to state whether it was posted between its date or between the record— 15th February—and twelve days before town meeting, and answered, "Well, I know it was posted in two public places between twelve and twenty days before town meeting." A certified copy of the record of the warning was then received in evidence subject to objection that the proper foundation had not been laid. Defendant's attorney then moved to strike out the last answer, saying, "let him state where the posting was, and let the jury say whether a public place or not." Plaintiff's attorney said this motion came too late. The motion was then denied and no exception taken. It is unnecessary to pass upon the sufficiency of this evidence to go to the jury on the question of the warning being posted in three public places. The warning, recorded February 15, was for a meeting of the legal voters of the town on Tuesday, March 2, 1909; and the record shows that the annual meeting of such legal voters was held at the time and place specified in the warning, and that officers were elected and business transacted pursuant to the articles therein. We think this was *prima facie* evidence that the warning was posted as required by law. *Lemington* v. *Blodgett*, 37 Vt. 210.

The abstract of the individual list of the taxpayers was received in evidence. It is urged that it was erroneously admitted, for if the taxpayer's inventory is accepted by the listers as containing a true and correct statement of his real and personal property subject to taxation, the abstract should correspond with the inventory; and if the inventory is not so accepted, it is the duty of the listers to make up the list of such taxpayer, under the doubling process—neither of which was done as to the defendant. This objection is without force. The requirements of the statute respecting the abstract are the same whether the particular list be based upon an inventory or be made up under the provisions of the law because of wilful failure to make a proper inventory; and it need not show the specific action of the listers in making up a particular list. *Smith* v. *Stannard,* cited above; *Taylor* v. *Moore*, 63 Vt. 60, 21 Atl. 919. The only other objections to the admission of the abstract, upon which reliance is now placed, amount to this: (1) that it bears evidence

on its face of having been altered; and (2) since the record
shows clearly that the fixed machinery of the defendant's manu-
facturing plant had been once listed in one of the items of real
estate, it was error for the listers to place it again in the abstract
for the purpose of taxation.   The abstract could not be excluded
on the first ground, for the testimony of the town clerk was
that no alteration had been made therein since it was lodged
by the listers in the town clerk's office.   Nor on the second ground.
Such machinery  formed a part of the real estate to  which it,
was fixed and could not be taxed in any other way, were it taxable
at all.   If it was also included in the item of personal property
for the purpose of taxation and the tax assessed thereon, as the
defendant claims, this would be the assessment of a tax upon
a list made up in part of property erroneously set in the list.
And since the item of personal property is separable from the
item of taxable real estate, such error does not invalidate the
whole tax.   P. S. 606.

Some point is made in defendant's brief touching the action
of the board of civil authority on his appeal, and their qualifi-
cation to act.   Yet as the certified copy of the record of the doings
of the board shows the matters presented before it to pertain
exclusively to the exemption of his manufacturing plant under
the vote of the town, the questions raised become immaterial
in view of our holding on that branch of the case.

A copy of what purported to be a record of the listers'
preliminary oaths was received in evidence.   Objection thereto
was made on six different grounds stated.   In defendant's
brief it is said that the evidence "was incompetent for the reasons
given," referring to two pages of the transcript.   No particular
point is more definitely called to our attention.   Some of the
grounds stated in the transcript are without force, for instance,
"as immaterial."   It is the duty of an exceptor to state in his
brief the precise point on which he relies as constituting reversi-
ble error; and if he does not, the Court will not examine the several
grounds named in taking the exception to see whether error was
committed.   *Davenport* v. *Davenport,* 80 Vt. 400, 68 Atl. 49;
*Wilkins* v. *Brock,* 81 Vt. 332, 70 Atl. 572.   The brief is indefinite
in the same way as to the exceptions relied upon to the admission
in evidence of the grand list book, and the notice to the tax-

payers to pay their taxes,—we pass them without considera-
tion for the same reason.

The plaintiff, having testified that he was elected constable
of Essex in the year 1909, and served as such, testified in reply
to questions by defendant's attorney that he took the oath as
constable but did not subscribe it. Whereupon defendant
objected to the plaintiff's official position as constable being
shown, because by the Constitution such an official must
subscribe the oath of office. Yet a constable is not an officer
in authority under this State, within the meaning of Chap. 2,
Sec. 29, of the Constitution, but is in authority under the town
by the voters of which he was elected. Consequently the plain-
tiff was not required to take and subscribe the oath of office
prescribed by the Constitution. *Rowell* v. *Horton,* 58 Vt.
1. 3 Atl. 906; *Brock* v. *Bruce,* cited above.

Since the case goes back for a new trial because of error
in directing a verdict, the defendant's exceptions to the non-
compliance with his requests to charge, and for special find-
ings, and to the overruling of the motion in arrest of judgment,
are not considered.

*Judgment reversed and cause remanded.*