Majestic Theater Company and others, Appellants, v. The City of Cedar Rapids, M. J. Miles, and others, Appellees.

Municipal corporations: PASSAGE OF ORDINANCES: INJUNCTION. The court will not interfere by injunction to prohibit the passage of a municipal ordinance, even though alleged to be unconstitutional and void; but it may and will prevent the enforcement of an existing ordinance upon a showing that otherwise irreparable injury would follow. Thus the passage of an ordinance prohibiting and punishing the running of Sunday theaters, in its nature an exercise of police power, will not be enjoined; for if void for any reason the courts will not enforce it, and no irreparable injury could follow its passage.

*Appeal from Linn District Court.*—Hon. W. N. Treichler, Judge.

WEDNESDAY, NOVEMBER 15, 1911.

THE opinion states the nature of the case and the material facts.—*Affirmed.*

*Grimm & Trewin* and *P. W. Tourtellot,* for appellants.

*Redmond & Stewart, Wm. Chamberlain,* and *F. C. Byers,* for appellees.

WEAVER, J.—The plaintiffs appeal from a ruling of the district court, sustaining defendants' demurrer to their petition and entering judgment against them for costs.

Stated as briefly as possible, plaintiffs allege that they are severally proprietors of theaters doing business in Cedar Rapids, and that the defendants are, respectively, the mayor, the clerk, and members of the city council of said city. They further allege that there has been introduced in said council and offered for enactment a proposed ordinance, making it unlawful for any person or persons to give, manage, or conduct any public theater, theatrical exhibition, vaudeville entertainment, or moving picture show, or to engage in the performance thereof, on the first day of the week, commonly called Sunday, and providing that violation of such ordinance shall be punished by fine not exceeding $100 and costs, or by imprisonment on default in payment of such fine. This ordinance plaintiffs allege the city council intends to enact, and the mayor intends to approve and publish it when passed; and they further aver that, if so enacted, it will be void and of no effect, in that such legislation will be in violation of section 6 of article 1, of the Constitution of Iowa, forbidding discrimination between classes of persons, and further, will be in violation of the fourteenth amendment to the Constitution of the United States, in that it abridges the privileges of the citizens of the United

States, and its enforcement would work a deprivation of liberty and property without due process of law, and a denial to plaintiffs of the equal protection of the laws.

Plaintiffs further allege that the ordinance, if enacted, will be in conflict with the statutes of the state. They further say that, while the statute gives cities power to regulate the conduct of theaters and other places of amusement, it does not provide, nor was it intended to authorize the closing of such business on any day of the week. They still further contend that the state itself is without authority to empower the city to prohibit theaters, in that such an act would be an unjust and unreasonable interference with the personal liberty of the plaintiffs, and deprive them of liberty and property without due process of law, contrary to the provisions of section 1, article 1, of the Constitution of the state, and of the fourteenth amendment to the Constitution of the United States. Finally, plaintiffs say that the exhibitions given by them are neither obscene, indecent, or immoral, and the enforcement of such ordinance will operate to their great injury, for redress of which they have no plain, speedy, and adequate remedy at law, and they therefore pray that defendants may be enjoined from passing or enacting such ordinance; that the mayor be enjoined and restrained from approving or signing the same, if passed, and the clerk be likewise restrained from attesting or authenticating it.

To this petition, the defendants demurred generally, and the demurrer being sustained they appeal.

If we correctly apprehend the position of counsel for appellants, it is that the ordinance pending before the city council would be void and of no legal force or effect if passed, and for this reason it is sought to enjoin its passage. In other words, the court is asked to sit in judgment upon a matter of proposed legislation in advance of its enactment, and by its injunction to interrupt the city's exercise of its legislative functions. In this country, where

the independence of the legislative and judicial branches of government has been preserved by constitutional guaranties, it would seem hardly necessary to argue the erroneous character of such proposition; but counsel, while conceding the general rule to be that courts will not interfere with the proceedings of a legislative body, contend very earnestly that the rule is subject to exceptions, and that the case before us presents one of them.

· It is first said that, if a proposed ordinance would be void as an *ultra vires* enactment, then its passage by the city council may be enjoined. No authority cited recognizes or sustains the rule as thus broadly stated. Indeed, it may be said that the courts will, under no circumstances, attempt to enjoin the exercise of the strictly legislative functions of a city council. This is something more than a rule established by precedent. It is a constitutional limitation of judicial power.

The authorities relied upon establish no exception to this statement. True there are cases in which the enforcement of a void ordinance may be enjoined, but that is an altogether different proposition. The law upon this subject is well stated by an eminent writer as follows: "It is unquestionably true that purely legislative acts, such as the passage of resolutions or the adoption of ordinances by a municipal body, even though alleged to be unconstitutional and void, will not be enjoined, since it is not the province of a court of equity to interfere in the proceedings of municipal ·bodies within their jurisdiction, or to control the exercise of their discretion. A distinction, however, is properly drawn between restraining an illegal act, attempted under the authority and sanction of a municipal body, and restraining the corporation itself from granting such authority. And, while courts will not enjoin municipal bodies from the passage of ordinances or resolutions, the courts may and will, on a proper case being shown, prevent their enforcement, and for this pur-

pose may enjoin proceedings thereunder which would otherwise result in irreparable injury." High on Injunction (4th Ed.), section 1243; *Gas Co. v. Des Moines,* 44 Iowa, 505; *Gas Co. v. City,* 87 Ala. 245 (6 South. 113, 4 L. R. A. 616).

But even this remedy will not be available, unless it appear that the party complaining has no adequate protection or redress at law. See authorities above cited. There is no such threat of irreparable injury in the attempted enforcement of a void ordinance, which is in the nature of a mere police regulation, for its invalidity is a perfect defense to any prosecution for its violation. *West v. City,* 10 Paige (N. Y.) 539; *Poyer v. Des Plaines,* 123 Ill. 111 (13 N. E. 819, 5 Am. St. Rep. 494); *Burnett v. Craig,* 30 Ala. 135 (68 Am. Dec. 115); *Alpers v. San Francisco* (C. C.) 32 Fed. 503.

It should be noted, however, in this connection, that a city or town, organized under the laws of the state, has a twofold character. It is not only endowed with certain purely legislative functions, by virtue of which it enacts police regulations and other general rules, by which the peace, good order, convenience, comfort, and prosperity of its inhabitants are sought to be conserved or promoted, but it is also charged with other powers, which are administrative, rather than legislative, and still others, more or less analogous to those of a private or business corporation, by which it makes contracts, constructs improvements, and performs many acts which, directly or indirectly, affect personal and property rights. Where legislation of the first-mentioned kind is pending before the council, the court will not, as we have already said, interfere with its passage, or undertake to adjudicate its validity in advance of its passage. But, where the council, in the exercise of its administrative or business functions, undertakes *ultra vires,* or in violation of the city's contract obligations, the enactment of an ordinance, by the very passage

of which, as distinguished from its enforcement, irreparable injury will be done to the complaining party, interference by injunction with such proceedings is sometimes allowable. *Poppleton v. Moores,* 62 Neb. 851 (88 N. W. 128); *Whitney v. New York,* 28 Barb. (N. Y.) 233; *Lewis v. Waterworks,* 19 Colo. 236 (34 Pac. 993, 41 Am. St. Rep. 248); *State v. Superior Court,* 105 Wis. 671 (81 N. W. 1046, 48 L. R. A. 819); *Waterworks v. New Orleans,* 164 U. S. 471 (17 Sup. Ct. 161, 41 L. Ed. 518); *Railway Co. v. South Orange,* 58 N. J. Eq. 83 (43 Atl. 53).

The proposed ordinance in the present case is clearly in the nature of a police regulation. If it be passed, and is a valid exercise of municipal power, then it is the duty of the plaintiffs to obey it, even though its enforcement tends to reduce the profits of their business. If it be void for unreasonableness, or is not within the power delegated to the city, or because the statute conferring the authority is itself unconstitutional, as counsel argue, then the courts will not enforce it, and no one can suffer irreparable injury therefrom. Such being its nature, it follows from what we have already said that this action can not be sustained, and the trial court did not err in sustaining the demurrer to the petition, or in dissolving the temporary injunction.

This conclusion renders it unnecessary for us to discuss the constitutional questions raised in behalf of the appellants, or to define the scope and extent of the authority which the statute (Code 1897, section 703) gives to cities "to regulate, license or prohibit theatrical exhibitions," or to decide whether this delegation of power implies authority to provide penalties for violation of the regulations or prohibitions so enacted. Whatever may be the final holding in these respects, the plaintiffs will find ample protection at law.

The judgment and rulings of the district court are therefore *affirmed.*