WESTINGHOUSE ELECTRIC & MFG. CO. v. RICHMOND LIGHT & R. CO.

In re KUHN.

(District Court, E. D. New York. July 13, 1920.)

1. **Injunction ⬤═84—Passage of resolution declaring forfeiture of franchise held by receivers cannot be enjoined.**

   The court which appointed receivers for a street railroad corporation cannot enjoin the passage by the board of estimate of the city of a resolution declaring a forfeiture of the franchise held by the receivers.

2. **Receivers ⬤═73—Court can restrain interference by officers acting under municipal resolution forfeiting franchise.**

   The court which appointed receivers for a street railroad corporation can enjoin municipal officers acting under the authority of a resolution declaring a forfeiture of the franchise held by the receiver from interfering with the operation of the property by the receiver.

In Equity. Suit by the Westinghouse Electric & Manufacturing Company against the Richmond Light & Railroad Company. On petition by John J. Kuhn, temporary receiver of the defendant, for an injunction. Injunction granted in part.

See, also, 267 Fed. 493.

I. R. Oeland, of New York City, for plaintiff.

John P. O'Brien, Corp. Counsel, of New York City (Vincent Victory, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. The board of estimate of the city of New York has given notice of a hearing for the purpose of forfeiting certain franchises of the defendant corporation, under which the receiver is now operating various parts of the street railroad in Richmond county, in this district. The receiver has applied for an injunction against the board of estimate for the purpose of preventing such forfeiture during the pendency of this litigation, and has obtained a temporary restraining order against such action pending the determination of the application for the injunction. The city of New York has entered a preliminary objection to the exercise of jurisdiction by this court, both in continuing the restraining order and in granting any such injunction, and has also filed an answer under which a hearing could be had on the merits of the injunction, if the objection to jurisdiction be overruled.

The preliminary objection to jurisdiction is based upon the proposition that a court of equity has no right to restrain a municipal government from the exercise of such legislative or governmental authority as has been granted by the legislative act of the state to that municipal government, and which is in effect a continuation of the exercise of the legislative power of the state. A similar question was presented in the case of Gas & Electric Securities Co. v. Manhattan & Queens Traction Corporation, in which case an injunction was issued on the application of the receivers against the board of estimate of the city, to restrain an announced hearing for the purpose of forfeiting the franchise of the street railroad company defendant in that action. The

appeal from that decision was decided February 24, 1920. 266 Fed. 625.

In the opinion the Circuit Court of Appeals holds that an order of this sort is a final order from which an appeal will lie to the Circuit Court of Appeals, and that also an application for an injunction of this sort can be brought on by a proceeding on petition ancillary to the main action, in the court in which that action is pending. The Court of Appeals then holds that if the District Court, in stating that "the injunction is not asked against the legislative power of the state, but against threatened action by the city in taking property as to which the resolution of the board of estimate would be a step in the acquisition of that property," intended to hold "that the passage of the contemplated resolution does not involve an exercise of legislative power, being a resolution instead of an ordinance, we are unable to agree in that conclusion." The Court of Appeals then goes on to discuss the proposition, citing New Orleans Waterworks Co. v. New Orleans, 164 U. S. 471, 17 Sup. Ct. 161, 41 L. Ed. 518, Dillon's Municipal Corporations (5th Ed.) vol. 2, § 582, McQuillin's Municipal Corporations, vol. 5, § 2503, and volume 1, § 705; also High on Injunctions (4th Ed.) vol. 2, § 1243, p. 1250. In the latter text-book it is stated that courts of equity will not enjoin purely legislative acts by a municipal body, but may, in a proper case, prevent their enforcement and enjoin proceedings thereunder which would otherwise result in irreparable injury.

The Court of Appeals seems to hold that the action of the board of estimate, in declaring, by the passage of legislation, that a charter has been forfeited, is acting in a legislative capacity, as distinguished from actions of a judicial or executive nature. There can be no question that a municipal body, in adopting resolutions granting charters, under such circumstances as were shown in the New Orleans Case, supra, is in a sense legislating, as well as exercising executive functions. Whether the fact that a municipal body must act by resolution or ordinance makes all of its actions legislative in nature may be still arguable, but since the decision in the Manhattan & Queens Case, supra, the determination of this question is no longer a necessity in the present case. The order of an executive official may involve judicial determination, and may be subject to review by the courts. If, instead of a single executive, authority is being administered by a board, which must act by resolution or ordinance, there would seem to be some question whether it could be said to be legislating, as it would be doing if it were granting a franchise.

There seems to be room for argument as to whether all acts of executive officers or of an executive municipal government must be divided into the three classes, legislative, executive, and judicial, and that all acts performed in a legislative way are therefore legislative acts. It would seem that many of these acts might be purely executive, even if they involved, as has been said, some judicial determination. They may have none of the characteristics of the enactment of legislation or the exercise of what could properly be called the exercise of any legislative power of the state or the municipality as such. But all such acts are undoubtedly governmental operations. The Court of Appeals

decision seems to go so far as to hold that a court of equity has no jurisdiction to interfere with the exercise of governmental authority by a municipality until this governmental authority has passed to the point of purely administrative action or the carrying out of the determination as to which governmental authority has been exercised in the form of enacting an ordinance or resolution.

[1] The decision of the Circuit Court of Appeals is controlling over the present application in this respect, and it must be held that this court has no authority to determine whether the passage of a resolution forfeiting a charter is purely an executive act, like the canceling of a contract by a single official involving possible judicial determination. The court, therefore, cannot grant the motion to enjoin the board of estimate from considering and passing a resolution declaring the franchises forfeited, and the temporary injunction order must be vacated.

In the Manhattan & Queens Case, supra, the actual decision of the Court of Appeals was apparently based upon the merits of the intended forfeiture, but the question of jurisdiction was disposed of in such a way as to be a part of the decision, and not a mere dictum in discussing the case. On the present application, as in the Manhattan & Queens Case, supra, the merits of the proposition have been brought before the court for consideration in the alternative that jurisdiction should be held sufficient for such consideration, and the record shows that this court has already issued an injunction order broad enough to prevent any further action, if a resolution of forfeiture should be adopted which would interfere with the properties in the possession of the receiver of this court, until an application had been made to this court to vacate that injunction.

The record also shows that the alleged grounds for forfeiture are involved in other litigation in which the same questions may be finally determined. This outside litigation is set up in the answer filed by the city, as well as in the petition of the receivers. It now appears from the decisions in certain of this outside litigation that some of the questions have apparently been disposed of in favor of the receivers and contrary to the claim of the board of estimate that it has sufficient ground for forfeiting the charter in question. New York Supreme Court in City of New York v. Richmond Light & Railroad Co., John J. Kuhn, as Receiver of the Richmond Light & Railroad Co., N. Y. L. J. July 3, 1920, pp. 1143, 1144, and Lewis Nixon, Constituting the Public Service Commission of the State of New York for the First District, opinion filed by Mr. Justice Tierney on July 2, 1920, 183 N. Y. Supp. 922; New York Court of Appeals in People ex rel. City of New York v. Lewis Nixon, etc., Begg & Hume as receivers, etc., 128 N. E. 255, opinion filed July 7, 1920; Brooklyn Rapid Transit Co. v. Public Service Commission, three cases, 128 N. E. 255, opinion filed July 7, 1920; Court of Appeals of New York, Niagara Falls Case, 128 N. E. 247, opinion filed July 7, 1920. But with the merits of these contentions this court has now nothing to do. If the city of New York has no proper ground for forfeiture, this can be determined in the proper forum therefor.

[2] Under the decision of the Circuit Court of Appeals in the Manhattan & Queens Case, supra, this court has no right to determine collaterally that the city of New York, through its board of estimate, might be acting with no foundation of law and entirely outside its authority, in declaring the franchises in question forfeited, if the board of estimate should see fit, acting under advice of its legal representatives, to attempt to pass such a resolution. But no individual employé or agent of the city, even if a resolution of forfeiture should be adopted, can, under the general injunction, proceed to interfere with the operation of the receivers before this court has an opportunity to pass upon the validity of the resolution in question. Under the circumstances now set forth in the present case, the restraining order should be continued, and the injunction applied for granted, to the extent of specifically forbidding any physical interference with the operations of the receiver, or any attempted action under or enforcement of a resolution declaring the franchises forfeited, if the threatened action be taken, until application has been made to this court for an order vacating the injunction forbidding such action.

Probable cause for considering the ordinance invalid is sufficiently made out, and the possible action under the ordinance, if adopted, is sufficiently imminent and threatening to give this court jurisdiction to issue the injunction to that extent.

Order may be entered accordingly.