RIXFORD MANUFACTURING CO. *v*. TOWN OF HIGHGATE ET AL.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 6, 1929.

2

*Watson & McFeeters* and *D. W. Steele* for the plaintiff.

*Fred L. Webster* and *M. H. Alexander* for the defendants.

MOULTON, J. This is a proceeding in equity. The plaintiff has alleged in the bill that it is a corporation engaged in the manufacture of scythes, axes, and farm implements, with its place of business in the Town of Highgate; that its plant was severely injured during the flood of November, 1927, and its business stopped so that it contemplated the abandonment of its plant, and the removal to another location; that a duly warned meeting of the legal voters of the town was held, at which a motion to exempt the plaintiff from taxation for a period of 10 years was defeated, but later another duly warned meeting was held, at which the former vote was rescinded, and a motion carried to exempt the property of the plaintiff from taxation for the period of 5 years from January 1, 1928, in consideration that the plaintiff would resume its business to its usual capacity; that thereupon the plaintiff rehabilitated and renewed its plant and operated it, and has since complied with the terms imposed by the vote of the town; that the listers of the town observed the mandate of the vote and entered the exemptions on the tax rolls and books of the town, and the exemption was noted upon the tax books made up by the selectmen for the year 1928, and also

4

upon the tax warrant delivered to the tax collector; that after these things had taken place six or more legal voters of the town of Highgate presented to the selectmen a petition requesting them to call a special meeting of the legal voters of the town to act upon the following:

"To see if the town will vote to rescind the vote of said town taken at a special meeting held on the 17th day of December, 1927, adopting a resolution exempting the property of the Rixford Manufacturing Company from taxation for the term of five years from January 1, 1928."

The bill further alleges that the selectmen are threatening to call the meeting for the purpose indicated; that, if the meeting should be called and the prior vote rescinded, the plaintiff will suffer irreparable damage; and that the plaintiff claims a vested right in the exemption. The prayer is for an injunction against the Town of Highgate and the selectmen, restraining the calling of the special town meeting.

Hearing was had below on a demurrer to the bill, which was sustained and the bill adjudged insufficient, and dismissed. The plaintiff has appealed.

The constitutionality of the statute which is now section 689, G. L., empowering a town to vote certain exemptions from taxation, is well established. *Colton & More* v. *City of Montpelier,* 71 Vt. 413, 414, 415, 45 Atl. 1039; *Caverly-Gould Co.* v. *Springfield et al.,* 83 Vt. 396, 403, 76 Atl. 39. An exemption of this class, regularly granted and accepted, and supported by a consideration, is a binding contract. *Caverly-Gould Co.* v. *Springfield et al., supra,* at page 399 of 83 Vt. (76 Atl. 39); *Cox* v. *Mount Tabor,* 41 Vt. 28, 31. It is not within the power of the town thereafter, and within the term of the exemption, to rescind the resolution and withdraw the exemption to the prejudice of one who has accepted the offer specifically made therein. *Bixby* v. *Roscoe,* 85 Vt. 105, 110, 81 Atl. 255; *Cox* v. *Mount Tabor, supra; Caverly-Gould Co.* v. *Springfield et al., supra,* at page 402 of 83 Vt. (76 Atl. 39). The resolution by which the exemption was voted stated that, "in consideration that the said Rixford Manufacturing Company will resume its business," its property at East Highgate should be exempted from local taxation for a period of five years from January 1, 1928. This offer was accepted by the plaintiff by rebuilding its

factory and resuming its business. A consideration for the contract was thus given. A recognition and practical construction of the contract was given by the town by its action in noting the exemption upon the tax rolls and books, and warrant.

The defendants argue that G. L. 689 permits an exemption only for ten years from the commencement of business, and that it appears from the bill of complaint that the flood caused a temporary suspension of the business only. But we think otherwise. It is alleged that the damage by the flood was such that the plant was nearly totally destroyed, and the business stopped, "so much so that plaintiff contemplated the abandonment of its plant and business in Highgate and its removal out of the town of Highgate to another location."

A statute providing for exemption from taxation is to be strictly construed, and no claim for exemption can be sustained unless within the express letter or the necessary scope of the exemption clause. *Frazier* v. *Slack & Bro.*, 85 Vt. 160, 162, 81 Atl. 161; *Town of Sheldon* v. *Sheldon Poor House Ass'n*, 100 Vt. 122, 130, 135 Atl. 492; *In re Hickok's Estate*, 78 Vt. 259, 262, 62 Atl. 724, 6 Ann. Cas. 578; *Ford* v. *Delta & Pine Land Co.*, 164 U. S. 662, 666, 41 L. ed. 590, 592, 17 Sup. Ct. 230; *Knox College* v. *Board of Review*, 308 Ill. 160, 139 N. E. 56, 35 A. L. R. 1041, 1044. But, as is said in *Y. M. C. A. of Lincoln* v. *Lancaster County*, 106 Neb. 105, 111, 182 N. W. 593, 595, 34 A. L. R. 1060, 1064, "The rule does not call for a strained construction, adverse to the real intention, but the judicial interpretation of such a statute should always be reasonable."

And in *St. Paul's Church* v. *City of Concord*, 75 N. H. 420, 423, 75 Atl. 531, 532, 533, 27 L. R. A. (N. S.) 910, Ann. Cas. 1912A, 350:

"If the so-called 'rule of strict construction,' as applied to statutes exempting certain property from taxation, is so strictly applied as to render the exempting language so narrow and restricted as to defeat the apparent legislative purpose, it is clear that too much sacredness is attached to a mere rule, and that it should be either abrogated or applied with more liberality and reason * * * * A reasonable construction must be given to the statute. Scholastic strictness of definition cannot be adopted if it prevents that result."

▮ So, in construing the statute here involved, we have no doubt that the resumption of business, after an almost complete destruction of a factory and consequent entire stoppage of its operation, is to be regarded as a commencement of business within the meaning and intent of Legislature. A similar construction was applied in *Bixby* v. *Roscoe, supra,* where a printing establishment was removed from one town to another upon a vote of the latter town to exempt it from taxation. The "commencement of business" took place after the removal. We think that, on the allegations of the bill of complaint, the plaintiff was entitled to the exemption.

▮ It is the general rule that a court of equity will not interfere in advance to enjoin the passage of a municipal ordinance or resolution, even though such ordinance or resolution is unauthorized or void upon its face. 2 McQuillin on Municipal Corporations (2d ed.) par. 741; *New Orleans Waterworks Co.* v. *New Orleans,* 164 U. S. 471, 480, 41 L. ed. 518, 524, 17 Sup. Ct. 161; *Foster* v. *Topeka,* 112 Kan. 253, 210 Pac. 341, 342; *Dailey* v. *Nassau County,* 52 App. Div. 272, 65 N. Y. S. 396, 397, 398; *Chicago R. I. & P. R. R. Co.* v. *Lincoln,* 85 Neb. 733, 124 N. W. 142, 143, 19 Ann. Cas. 207; *City of Dallas* v. *Couchman* (Tex. Civ. App.), 249 S. W. 234, 239; *Garrity* v. *Halbert* (Tex. Civ. App.), 225 S. W. 196, 198; *Majestic Theatre Co.* v. *Cedar Rapids,* 153 Iowa, 219, 133 N. W. 117, 118, Ann. Cas. 1913E, 93; *State ex rel. Rose* v. *Sup. Ct.,* 105 Wis. 651, 81 N. W. 1046, 1054, 48 L. R. A. 819; *Basting* v. *Minneapolis,* 112 Minn. 306, 127 N. W. 1131, 1132, 140 A. S. R. 490.

> "The restraining power of the courts should be directed against the enforcement, rather than the passage, of unauthorized orders and resolutions or ordinances by municipal corporations. * * * It is time enough for equity to stretch forth its preventive arm when some attempt is made to enforce the unconstitutional act."

*Lee* v. *City of McCook,* 82 Neb. 26, 116 N. W. 955, 957; *Stevens* v. *St. Mary's School,* 144 Ill. 336, 32 N. E. 962, 966-968, 18 L. R. A. 832, 36 A. S. R. 438.

In 2 High on Injunctions (4th ed.) at paragraph 1243, it is said that a distinction is properly drawn between restraining an illegal act, attempted under the authority and sanction of a

municipal body, and restraining the corporation itself from granting such authority.

There is, however, an often recognized exception to the foregoing rule, which occurs when the mere passage of the invalid ordinance will of itself work irreparable injury to the complainant, or impair his property or contract rights. In such case, it has been held that the court may in its discretion grant injunctive relief. *Buck* v. *Indiana Const. Co.,* 79 Ind. App. 329, 138 N. E. 356, 359; *Cleveland City Ry. Co.* v. *City of Cleveland* (C. C.), 94 Fed. 384, 408; *Leverich* v. *Mayor of Mobile* (C. C.), 110 Fed. 170; *Alpers* v. *City of San Francisco* (C. C.), 32 Fed. 503; *G. and H. Bldg. Corp.* v. *New York,* 202 App. Div. 814, 195 N. Y. S. 68, 69; *Chicago R. I. & P. R. Co.* v. *Lincoln, supra; Asbury Park, etc., Ry. Co. et al.* v. *Township Committee,* 73 N. J. Eq. 323, 67 Atl. 790, 793. But it not necessary to decide whether such is here the case.

It will be observed that the act sought to be restrained in the case before us is not the passage of a vote or resolution rescinding the exemption from taxation, but the calling of a special town meeting to see whether this shall be done. The petition alleges that if the vote should so result, irreparable injury to the petitioner would be caused thereby, but there is no allegation that an adverse action is threatened, and no facts are set forth whereby we can tell whether such an outcome is certain or even probable.

In *Spurgeon* v. *Rhodes,* 167 Ind. 1, 78 N. E. 228, 230, a petition was brought seeking to enjoin the state board of medical registration from hearing certain charges against the plaintiff. In denying the injunction the court said (167 Ind. 7, 78 N. E. 230):

> "The mere apprehensions or fears of a complainant, unsustained by fact, do not constitute a sufficient ground for the interference of equity by injunction. Not the complainant, therefore, but the court, must determine that a wrong is about to be committed which will be irreparable before the relief will be granted."

In a similar case, involving a proposed hearing before a state board of public accountancy, the court said, in *Lehman* v. *State Board,* 263 U. S. 394, 398, 68 L. ed. 354, 356, 44 Sup. Ct. 128, 130:

"We certainly cannot restrain the board upon the possibility of a contrary action. Official bodies would be of no use as instruments of government if they could be prevented from action by the supposition of wrongful action."

The same result was reached in *Miller* v. *Alabama St. Board,* 210 Ala. 619, 98 So. 893; in *Rico* v. *Snider* (C. C.), 134 Fed. 953, 958; and in *Kansas City* v. *Public Utilities,* 103 Kan. 473, 176 Pac. 324, 325. In each of these cases it was held that an injunction would not be granted to restrain a public board from taking cognizance of, and considering, a matter within its jurisdiction, upon the ground that a wrongful decision would be reached. So, too, in *Westinghouse Elec., etc., Co.* v. *Richmond L. and R. R. Co.* (D. C.), 267 Fed. 490, 492, an injunction by which it was sought to restrain a board of estimate from considering and passing a resolution declaring a certain franchise to be forfeited, was refused. And in *Chicago B. & Q. R. R. Co.* v. *Winnett,* 162 Fed. 242, 249, a petition for an injunction against the giving of notice of the fixing of rates by a railroad commission was denied, and the court said that the proceeding was prematurely brought, because, as the rates were not yet fixed, it had no authority to interfere in advance.

The foregoing authorities are applicable to the case in hand. We think that this petition was prematurely brought. No injury has yet been done, nor, from the record, can we say that any is threatened. When the situation which the plaintiff apprehends comes into being, it will be time to deal with it.

We do not find it necessary to determine the question whether, as the defendants insist, the calling of the special town meeting is made obligatory upon the selectmen, under the circumstances alleged, by the provisions of G. L. 3919 and 3921.

*Decree affirmed, and cause remanded.*