## HUGH W. HUGHES *v.* EDWARD J. VAIL.

*Taxation.   Quarry Leased.*   R. L. s. 348.

1. QUARRY LEASED.   A slate quarry, leased for the purpose of manufacturing roof-ing slate, should be set in the list of lessor; and if set in the list of the lessee, a tax assessed thereon is invalid.
2. REAL ESTATE.   Real estate, within the meaning of the tax law, is land with its fixtures and accessories,—land, measurable and capable of description by metes and bounds.

TRESPASS.   Plea, general issue and notice of justification under a tax warrant.   Trial by court, September Term, 1883. VEAZEY, J., presiding.   Judgment for the defendant.

*Barrett & Barrett* and *Betts,* for the plaintiff.

The plaintiff was not the *owner* of real estate by virtue of his interest in the quarry.   It conclusively appears from the writing itself, that the design was not to convey *ownership* in the land; as it merely granted the *right* and *privilege* to do a specific thing upon the land, but with no right to pos-sess the land.   The second party took no .property in the slate even until manufactured into roofing slate.   Real es-tate assessable for taxes means land with its fixtures and accessories.   2 Bl. Com. 18; Burr. Tax. 226, 229; Cool. Tax. 282; 10 Conn. 127; 14 Conn. 75.   The case stands upon the same ground and reason as *Clove Spring Iron Works* v. *Cone,* 56 Vt. 603.

*Fayette Potter*, for the defendant.

The plaintiff had an estate of freehold in the quarry,—a fee simple.   2 Bl. Com. pp. 104, 125; 4 Mass. 266.   By the Revised Laws, s. 9, the word "land" includes all rights and interest therein.   *Bemis* v. *Phelps,* 41 Vt. 1.

The opinion of the court was delivered by

WALKER, J. The defendant, to justify the distraint and sale of the property for the recovery of which this suit is brought, as collector of taxes for the town of Pawlet, must show that he had legal authority to make the distraint and sale, and that the tax, which he is ordered to collect, is a legal tax.

The first essential of a legal tax is that it be assessed upon a legal list; if the list fails all the proceedings in the collection of the tax are invalid and void. In this case the main question is, whether the plaintiff's list, as set in the quadrennial grand list of the town of Pawlet for the year 1882, is a legal list.

The State and county taxes for the payment of which the defendant as collector distrained and sold the property, which this suit is brought to recover for, were assessed upon this list.

The listers in making the quadrennial appraisal for the town of Pawlet set in the list to the plaintiff a "quarry" at $10,000, as real estate. The interest which they thus set in the list to the plaintiff as a quarry is created and conferred by a written instrument between Alexander Clayton of the one part, and Evans & Lloyd of the other part, dated July 10, 1872; and by assignment of that instrument the plaintiff is now the assignee and owner of whatever interest was given thereby to Evans & Lloyd.

Real estate must be set in the list to the *last owner thereof* on the first day of April preceding the making of the list. The plaintiff was the last owner on the first day of April of the interest conferred by said written instrument; and if that interest is real estate within the spirit and meaning of the general listing law, it was properly set to him as the owner thereof. If it is not, then the listers had no authority to set it in the plaintiff's list. The four acres of land mentioned in said instrument are a part of said Clayton's farm, situated in said Pawlet, and of which he has been the owner

and occupant since 1857, and which was set in the list to him in 1882, the same it had been for many years before without any reduction of the acreage on account of the plaintiff's interest in said four acres.

The said written instrument was executed with the formalities of a deed; and gave unto Evans & Lloyd and their assigns the right and privilege to enter into and upon about four acres of Clayton's farm, on the lot described, and to open and test the slate rocks or quarries within said four acres, and to make roofing slate within and from the same, if suitable material for the purpose should be found, and to continue so long as suitable material may be there found for the purpose.

And said Evans & Lloyd hired and took the rights and privileges for the period mentioned, and agreed to go on and test the slate rocks, and if suitable material was found to manufacture roofing slate therefrom, until the rock is exhausted; and to return every quarter, from the time they began to work, to Clayton, a true account of all slate manufactured during each preceding quarter, and of all stone got out for other uses, and of all stone sold by them; and to pay as rent for the rights and privileges granted the sum of twenty-five cents for each square of roofing slate manufactured and sold, and five per cent of the value of other stone.   Clayton reserved a lien on all slate and stone as security for the payment of the rent; and he also reserved the free and full use for farming purposes of all of said four acres which were not needed for working the ledges and manufacturing roofing slate; and it was also agreed therein that if the party of the second part failed to perform, then all rights and privileges granted were to be forfeited, and the instrument to cease to be binding at the election of Clayton.   The plaintiff now stands in the place of Evans & Lloyd.

It is apparent from this instrument, that Clayton retained the control and dominion of the land for all purposes ex-

cept as required for the slate business; he parted with no title to the slate, as it lies in the rock constituting a part of the land. No title passes until the slate has been transformed into personal property, and payment made as stipulated; the ownership of the land remains in Clayton. The party of the second part *took* and *hired* certain rights and privileges only, which he may abandon at any time, and when so abandoned Clayton cannot compel him to go on. His remedy is an action for damages for a breach of contract, or his option to terminate it.

The elementary writers upon the subject of taxation, say, in substance, that real estate assessable for taxes, means land with its fixtures and inherent and existing accessories. It consists of territory measurable as land, and capable of description by metes and bounds, and of buildings. An interest in land to be assessable for taxes as real estate, must be susceptible of such territorial location and description, or to be capable of being dealt with in municipal and business matters as land. It must be such an interest in land as can be conveyed and transferred only by deed executed and recorded according to the requirements of the statute for the conveyance of real estate; for otherwise a collector of taxes could not enforce the collection of the taxes assessed thereon upon the property or interest itself. It must be of such a character that a collector's tax deed thereof would give good title to it. The inventory required by law to be filled out by the tax-payer in this State contemplates territory, and not an unascertained interest in land; it calls for the number of acres; the grand-list book also calls for the number of acres; and sec. 348, Revised Laws, requires that the list when completed shall contain the *quantity* of real estate *owned* by each taxable person.

These requirements would seem to exclude all such contract interest in land as is conferred by said written instrument from taxation as real estate. Quarries are taxable, it is true, to the owner of the real estate in which the quar-

ries exist; but, under the statute, they must be set in the list, with the real estate of which they constitute a part, and not to the person who has nothing more than a chattel interest therein, or a right under a mutual contract, like the one in question, to manufacture stone therefrom upon the payment of rent. Such a right does not make the person the owner of the quarries, in fact, nor within the meaning of the statute for listing purposes.

The plaintiff does not own the four acres of land on which the slate rock or quarry is situated. His interest therein cannot be described as real estate by metes and bounds. It is not measurable as land, and hence it is not such an interest in land as is taxable as real estate within the meaning and spirit of the statute for taxation of real estate; and the listers had no jurisdiction of it as such.

As was stated in the argument, this case stands upon substantially the same ground as *Clove Spring Iron Works* v. *Cone*, 56 Vt. 603, and is not distinguishable from it. In that case, the contract relied upon as a basis of listing the interest conferred as real estate, gave the party the right to go upon the land of another and cut and remove the wood and timber growing thereon for a term of years. In this case, it gives the right to go upon the land of another to open and test slate rock, and get out and manufacture roofing slate. In one case the right is to take what grows upon the surface; in the other, what lies upon and below. In that case the land was assessed to the owner, and the growing timber to the party who had the right to cut it. In this case the *land* is assessed to the owner, and the right to get out and manufacture slate, under the name of "quarry," to the party having the right. Both cases rest upon the same principle.

Listers have not the right, under the statute, to set the *land* in the list to one, and what grows upon the surface or lies beneath and constitutes a part of the land, to another ; especially, under such an agreement as is shown in this case.

As the plaintiff had no interest in the real estate described in the contract shown that could be appraised and set in the list to him as real estate, it was error in the listers to so put it in the list; and the assessment of taxes upon it was void; and the defendant's attempted justification under the warrants in his hands for the collection of the taxes in question assessed upon that list, fails.

As this conclusion is decisive of the case, it is not necessary to pass upon the other questions presented by the exceptions.

Judgment reversed and judgment for the plaintiff for the sum agreed.