### Roy A. Lewis and Patricia A. Lewis v. Town of Brandon

[313 A.2d 673]

No. 61-73

Present: Barney, Keyser, and Daley, JJ., Hill, C. Supr. J. and Gibson, Supr. J.

Opinion Filed December 4, 1973

*Miller & Hill,* Rutland, for Plaintiffs.

*Hanford G. Davis, Esq.,* Brandon, for Defendant.

**Daley, J.** Plaintiffs brought suit against the Town of Brandon seeking declaratory relief in connection with a tax exemption contract entered into by the parties pursuant to 24 V.S.A. § 2741. There being no dispute as to facts, the case was heard on stipulations before the Rutland County Court. The court made findings of fact and conclusions of law, and issued a judgment order granting relief. Defendant has appealed.

24 V.S.A. § 2741 provides that a municipal corporation shall have the power to authorize its legislative branch to enter into tax stabilization contracts with industrial and commercial owners of real and personal property. 24 V.S.A. § 2741 (a) states that such contracts may be for the "purpose of fixing and maintaining the valuation of such real and personal property in the grand list, for the purpose of fixing and maintaining the rate of tax applicable to such real and personal property, or for the purpose of fixing the amount in money which shall be paid as an annual tax upon such real and personal property." 24 V.S.A. § 2741(c) and 24 V.S.A. § 1751 specifically include school districts within the definition of "municipal corporation" and boards of school directors within the definition of "legislative branch."

Plaintiffs here, Roy A. Lewis and Patricia A. Lewis, are owners and builders of a low and moderate income housing project called Pine Ridge Apartments, located in Brandon, Vermont. On or about April 4, 1969, the plaintiffs and the defendant, through its selectmen agreed that if plaintiffs constructed the aforesaid housing project, the Town would grant a five-year schedule of exemption. The contract provided that the project would be taxed at 10% of its appraised valuation in 1970, and that the tax would be increased at the rate of 10% a year until the statutory rate of 50% of appraised valuation had been reached. Plaintiffs did not apply to the Brandon Town School District for a schedule of exemption.

In 1971 the listers for the Town of Brandon appraised the fair market value of plaintiff's premises at $78,464.00 and listed the premises on the appraisal card at 50% of the appraised value, or $39,232.00. They listed the premises in the Grand List Book at 20% of appraised value, or $15,692.00, with the following notation: "Stabilization—see contract."

The Town of Brandon sent the plaintiffs a tax bill for 1971 which included the tax liability assessed by both the Town and the Brandon Town School District. The amount of tax liability assessed by the Town was computed in accordance with the tax exemption contract by multiplying the tax rate times the grand list value of the property. The amount of tax liability assessed by the Town School District was computed by using the appraisal card value, at 50% valuation, instead of the grand list value, at 20% valuation. Plaintiffs have not paid the tax due the Brandon Town School District, arguing that the school district is bound for the purpose of tax assessment by the property valuation set in the Grand List Book pursuant to the plaintiffs' contract with the Town.

It is the defendant's position that the Town School District is a separate political body and therefore not subject to the contract as granted by the selectmen of the Town of Brandon.

■ There is no question that a school district is a corporate entity, separate and distinct from the town, *Baird* v. *Town of Berlin*, 126 Vt. 348, 231 A.2d 110 (1967), *Dickerman* v. *Town of Pittsford*, 116 Vt. 563, 80 A.2d 529 (1951), but the issue here is not grounded in the status of a school district as an independent municipal corporation. Rather, it is a matter of

the method by which town school districts receive and manage their revenues, an area which is, for the most part, regulated by statute.

It is clear that in fiscal matters a town school district is not entirely independent of the town. The school district decides how much money it needs and how that money shall be used; the town sets the tax rate and manages the collection of taxes. 16 V.S.A. § 428 provides that:

> At each annual town school district meeting, the electorate shall vote such sums of money as it deems necessary for the support of schools and shall express in its vote the specific amounts voted for deficit, if any, for current expenses, capital improvements or other lawful purposes. The selectmen shall, after the grand list book has been completed and lodged in the office of the town clerk, set the tax rate necessary to raise the specific amounts voted.

The selectmen prepare the tax bills for both the town and the school district, 24 V.S.A. § 1521, and both taxes are collected by a town officer, either treasurer or collector, 24 V.S.A. §§ 1521, 1528.

16 V.S.A. § 427(a) provides that "[t]he grand list of a town school district shall consist of one per cent of the listed value of the real and personal estate taxable therein, added to the taxable polls therein." In essence, the grand list of the town is the grand list of the town school district. The "listed" value of taxable property within the town school district is the value of that property as listed in the grand list of the town. The "value" of such property is determined by listers duly elected by the town. There is nothing in this statute or in any other statute that indicates that a town school district may maintain its own grand list or that it has a right to disregard or go beyond the value as set forth in the town's grand list. There is no question of legislative intent; the Brandon Town School District is bound by the grand list of the Town of Brandon. Since the plaintiffs' property is listed in the amount of $15,692.00 in the Town's grand list, the grand list for the Brandon Town School District is one per cent of that value,

or $156.92. The Town School District is in error in assessing a tax based on the appraisal card value instead of the grand list value of plaintiffs' property.

Defendant's case is, in effect, a collateral attack on the grand list. Grand lists are not subject to collateral attack when, as here, no statutory appeal as provided by law has been taken from the appraisal of the listers, and no suit to recover taxes paid under protest is entered before the grand list for that year is closed. 32 V.S.A. §§ 4155, 4157. Where this is the case 32 V.S.A. § 4157 provides that "when offered in evidence in any court in this state, such list shall be received as the legal grand list of such town or city and its validity shall not be put in issue by any party to any action in any hearing or trial in any court."

Defendant claims that the Town has no right to bind the school district by contract. This argument cannot stand in light of the previous decisions of this Court. Defendant concedes that the Town had the authority to enter into a tax stabilization contract with the plaintiffs. An agreement of this kind, regularly granted and accepted and supported by consideration, is a binding contract, *Rixford Manufacturing Company* v. *Town of Highgate,* 102 Vt. 1, 144 A. 680 (1929), which is constitutionally protected from impairment by later acts of the granting body or its political subdivisions, *Brattleboro Retreat* v. *Town of Brattleboro,* 106 Vt. 228, 173 A. 209 (1934); Annot., 173 A.L.R. 15 (1948). This Court has specifically held, in *Caverly-Gould Co.* v. *Village of Springfield,* 83 Vt. 396, 76 A. 39 (1910), that a contract of tax exemption granted by a town is binding on its political subdivisions even though those subdivisions are independent corporations. Although the *Caverly* case involved an incorporated village rather than a school district, its rationale is applicable here:

> [T]owns and villages are governmental agencies and as such are peculiarly subject to legislative control and subordination; and when not restrained by the Constitution, as the town is not here, the Legislature, having the power itself to tax, can confer that power upon municipalities in such measure as it pleases; and as the power to tax includes the power to exempt from taxation, it may

confer that power upon them in like measure; and if it does, and the municipality exercises it in a legal way, its action in that behalf has the force and effect of a statute law. *Id.,* 83 Vt. at 403.

■ Defendant also contends that the plaintiffs are not commercial owners of real property within the meaning of 24 V.S.A. § 2741. The primary purpose of commercial property is to produce an income or profit for the owner. The primary purpose of owning apartment buildings is to realize an income or profit from the rentals. The property owned by the plaintiffs constitutes commercial property within the meaning of 24 V.S.A. § 2741.

■ The plaintiffs were not required to apply to the Board of School Directors of the Brandon Town School District for an agreement with respect to tax stabilization. The tax exemption contract entered into between the plaintiffs and the defendant is binding upon the school district.

*Judgment affirmed.*