### Robert A. Magoon and Adeline M. Magoon; and State of Vermont v. Board of Civil Authority of the Town of Johnson

[442 A.2d 1276]

No. 406-80

Present: Billings, Hill and Underwood, JJ., and Daley and Larrow, JJ. (Ret.), Specially Assigned

Opinion Filed February 2, 1982

*John J. Easton, Jr.,* Attorney General, and *J. Wallace Malley, Jr.,* Assistant Attorney General, Montpelier, for Intervenor.

*Sargent & White,* Morrisville, for Defendant.

**Billings, J.** In 1979 plaintiffs-appellees Robert and Adeline Magoon conveyed to the intervenor State of Vermont a parcel of land consisting of 156 acres, more or less. The conveyance reserved to the Magoons for a term of forty years the exclusive use and control of forty-five acres of the parcel on which was situated a cottage and pond. In 1979 and 1980 defendant-appellee Town of Johnson assessed the forty-five acre parcel with pond and cottage to the Magoons. The Magoons paid the taxes under protest and appealed the assessment unsuccessfully to the Board of Civil Authority and then to the Lamoille Superior Court claiming that the land in question had been deeded to the State of Vermont and was not taxable to them. The State of Vermont was allowed to intervene, V.R.C.P. 24, and now appeals the trial court's order.

[1–3] The State acquired by deed a fee simple absolute title in the forty-five acres with the reservation of an estate for a term of forty years. 32 V.S.A. § 3802 provides:

The following property shall be exempt from taxation:

(1) Real and personal estate owned by this state, except as otherwise provided . . . .

Real estate within the meaning of the tax law is land with its fixtures and accessories measurable and capable of description by metes and bounds. *Hughes* v. *Vail,* 57 Vt. 41, 44 (1885). Absent an exception the land and buildings owned by the State are exempt. The only exception applicable in 1979 and 1980 was 32 V.S.A. § 3615 (repealed May 7, 1980), which provided for a limited tax as follows:

Land held as state forests and parks shall be taxed annually, under the general tax law, at the local rate on a listed value of the land alone of not more than $8.00 an acre. . . .

The defendant can only tax the 156-acre parcel pursuant to this statute. To do otherwise is error. *Sherburne Corp.* v. *Town of Sherburne,* 124 Vt. 481, 482, 207 A.2d 125, 126 (1965).

Defendant claims that 32 V.S.A. § 3651 provides an exception to the general exempt status of state-owned land in that the town can tax the Magoons as possessors of real estate. 32 V.S.A. § 3651 provides:

Taxable real estate shall be set in the list to the last owner or possessor thereof on April 1 in each year in the town, village, school and fire district where it is situated.

In construing a statute, the real meaning and purpose of the Legislature is to be sought, and if a fair and reasonable construction discloses it, it is to be given effect. *Portland Pipe Line Corp.* v. *Morrison,* 118 Vt. 417, 420, 110 A.2d 700, 701 (1955). However, a taxing statute is not to be extended by implication beyond the clear import of the language used, and doubts are to be resolved against the taxing power. *Id.* 32 V.S.A. § 3651 is a general rule applicable to property that is already taxable. By its plain language it does not apply to properties already tax exempt pursuant to 32 V.S.A. § 3802.

■ The trial court was in error in concluding that the defendant could list the forty-five acres reserved for a term of years to the Magoons, because the fee simple title was owned by the State of Vermont.

*Reversed.*