### Sherburne Corporation and State of Vermont v. Town of Sherburne

### State of Vermont v. Town of Sherburne

### In re Taxation of Certain Lands in the Calvin Coolidge State Forest

[496 A.2d 175]

Nos. 83-187, 83-188 and 83-189

Present: Allen, C.J., Hill, Underwood and Gibson, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed May 3, 1985

*Thomas M. Dowling* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff-Appellee Sherburne Corp.

*John J. Easton, Jr.*, Attorney General, *J. Wallace Malley, Jr.*, and *John H. Chase*, Assistant Attorneys General, and *Michael D. Donovan*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee State.

*Mark L. Sperry* and *James W. Swift* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendant-Appellant.

**Allen, C.J.** This appeal presents the issue of whether land and improvements located in the Town of Sherburne (the Town) owned by the State of Vermont and leased to the Sherburne Corporation (the Corporation) may be taxed by the Town.

On November 10, 1960, the Corporation entered into an agreement with the State for the lease of approximately 2115 acres of state forest land located within the Town. The purpose of the lease was to permit the development of winter sports facilities on the leased land, now known as the Killington Ski Area. The lease was for a period of ten years, with five additional ten-year options to renew. The Corporation was to pay, as rent, a portion of its gross receipts from the operation of

lifts, restaurants, sport shops, and warming shelters. Under the lease terms no lodging for hire was permitted; the State retained approval rights over any improvements; the public had the same ingress and egress rights to the parcel as the Corporation; and the State was to retain all other rights in the premises not inconsistent with the lease.

Thereafter, the State leased to the Corporation its ski shelter building. Under this lease, the Corporation was required to keep the "public room" and the restrooms available for public use, to permit the State to enter at any time, to permit the use of the building by the State for public meetings, and to seek State approval for any alterations.

The State and the Corporation then agreed to extend the terms of both leases to allow for a total of nine additional ten-year renewal periods of each lease. The option terms under each lease would finally expire in the year 2060. This latter agreement also altered the rental formula, but the lease terms and options remained the same as those under the original leases.

At the end of each ten-year option period, the State retained an option to purchase the Corporation's rights under each lease, as well as all improvements upon the property, for an amount equal to the Corporation's "adjusted capital outlay," plus ten percent of the gross receipts from the operation for the preceding three years.

The statutory framework for this appeal is as follows. 32 V.S.A. § 3651 provides:

> Taxable real estate shall be set in the list to the last owner or possessor thereof on April 1 in each year in the town, village, school and fire district where it is situated.

32 V.S.A. § 3802 provides in relevant part:

> The following property shall be exempt from taxation:
>
> (1) Real and personal estate owned by this state, except as otherwise provided . . . .

32 V.S.A. § 3660 states, in relevant part:

> (a) Notwithstanding any other provisions of law to the contrary, all state lands held by the agency of environmental conservation, but not the buildings or other improvements thereon, shall be assessed at fair market value

by the division of property valuation and review and listed separately in the grand list of the town in which they are located. State land so listed shall be subject to a property tax payable to the town in which it is located in an amount which is the lesser of one percent of its assessed value, or of one percent of its use value if the land qualifies for and is subject to a use value appraisal under chapter 124 of this title. However, no municipality shall receive from the state for property taxes in any taxable year an amount less than it received in the year 1980.

In 1962, the Town attempted to tax to the Corporation the ski lifts and structures on the leased property, as personal property. In *Sherburne Corp.* v. *Town of Sherburne,* 124 Vt. 481, 207 A.2d 125 (1965), this Court held that the improvements on the leased premises were not personal property, but real property, and thus the property of the State.

In 1981, the Town listed as real property owned by, and taxable to, the Corporation some 400 acres of the 2115 acres covered by the lease agreements. The Corporation's use of, and control over, those 400 acres, the Town claims, is so extensive as effectively to divest the State of its ownership as that term is used in the exemption statute, § 3802(1). The Town listed the remainder of the 2115 acres to the State, pursuant to § 3660. The Corporation appealed the listing to the Sherburne Board of Civil Authority, and thence to the Rutland Superior Court. In 1982, the Town again listed the 400 acre parcel to the Corporation, which again appealed to the Board and to the Superior Court. In a third action, in 1982 the State of Vermont sought a declaratory judgment from Superior Court that the 400 acre parcel be listed to the State, and taxed pursuant to § 3660. The Superior Court granted the State's motion to intervene in the Corporation's first appeal, consolidated all three cases, and then granted summary judgment to the Corporation and the State, from which the Town now appeals.

The main issue upon appeal is whether the 400 acre parcel, by virtue of the lease arrangements, is no longer "real . . . estate owned by this state . . . ." 32 V.S.A. § 3802(1). If "owned" as used in that statute means nothing more than bare legal title, then the parcel is exempt from taxation. Real estate

owned by the State is excluded under § 3802(1) from "[t]axable real estate," which, pursuant to § 3651, is the only real estate which may be set in the list to "the last owner or possessor." *Magoon* v. *Board of Civil Authority*, 140 Vt. 612, 614, 442 A.2d 1276, 1277 (1982) ("32 V.S.A. § 3651 is a general rule applicable to property that is already taxable. By its plain language it does not apply to properties already tax exempt pursuant to 32 V.S.A. § 3802.")

 The Town contends that § 3802(1) requires something more than bare legal title in the State. It claims that the test of ownership is beneficial or equitable ownership, and that under this test the State's claimed ownership of the parcel fails. This contention was answered in *Magoon, supra*, 140 Vt. at 615, 442 A.2d at 1277, where it was stated that the property at issue there could not be listed to the plaintiff "because the fee simple title was owned by the State of Vermont."

The Town argues that the holding in *Magoon* should not apply here because in *Magoon* the State's interest was subject only to a 40 year reservation, whereas here the State's interest is subject to 100 year leases. The difference of sixty years does not distinguish the nature of the State's interest between the two cases. In any event, the leases here demonstrate that the State has retained far more indicia of ownership than it was granted over the property subject to the reservation in *Magoon*.

 While it is argued that listing the premises to the State may cause financial hardship for the Town, the remedy lies with the Legislature and not this Court.

 The Town's next contention upon appeal is that the Superior Court erred in granting summary judgment because genuine issues of material fact remain as to the identity of the owner of the property. Inasmuch as legal title alone is sufficient to establish the State's ownership for purposes of the exemption statute, and because the State's legal title is not in dispute, summary judgment was properly granted.

 Finally, the Town contends that, even if the State owns the property for purposes of § 3802(1), that ownership is limited to the value of the State's residual interest under the leases. The Corporation, then, would have a taxable real

estate interest in the remaining elements of ownership in the property, pursuant to the leases. The answer to this contention is that the State retains all of the benefits of ownership of the property, which include the leasing out of the property upon terms which it perceives as advantageous to it. The Town cites no statutory authority for a system of taxation in which each person with an interest in real property is taxed on the value of that interest. Title 32 V.S.A. §§ 3609 and 3610, concerning the taxation of perpetual leased lands, and of perpetual leases, respectively, incorporate to some extent the system proposed by the Town. However, the leases and their renewal options at issue here do not constitute perpetual leases under § 3610. *Dodge* v. *Town of Worcester*, 129 Vt. 441, 442, 282 A.2d 799, 800 (1971). In the absence of any statute permitting a division of the various interests in property for property tax purposes, the Town's claim must fail.

This holding makes it unnecessary to determine whether the Superior Court erred in permitting the State to intervene and whether the motion to dismiss the State's declaratory judgment action should have been granted.

*Affirmed.*