# In re Appeal of Northeast Washington County Community Health Center

[530 A.2d 558]

No. 85-300

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.***

Opinion Filed May 8, 1987

*Robert H. Opel, Mary P. Kehoe,* and *Erick E. Titrud,* Law Clerk (On the Brief), of *Paterson, Walke & Pratt, P.C.,* Montpelier, for Plaintiff-Appellant.

---

* Justices Gibson and Hayes were present for oral argument but did not participate in this decision.

*Jess T. Schwidde*, Associate of *George E. Rice, Jr.*, Montpelier, for Defendant-Appellee.

**Allen, C.J.** Northeast Washington County Community Health Center, Inc. (Northeast) appeals from a grant of summary judgment in favor of the Town of Plainfield which revoked Northeast's tax-exempt status. We affirm.

In 1978, and again in 1980, the voters of the Town of Plainfield exempted the real and personal property of Northeast from taxation pursuant to 32 V.S.A. § 3802(4)[1] and 32 V.S.A. § 3832(7)[2] at their annual town meeting. No property taxes were assessed against Northeast's property for the tax years 1978 through 1983. In 1984, Northeast's tax-exempt status was revoked and the Town of Plainfield assessed a tax on Northeast's real property located in Plainfield.

The sole issue on appeal is whether the Town had the authority to revoke, by a subsequent vote, the exemption originally granted to Northeast in 1978. Northeast argues that once the Town voted in the exemption, it was irrevocable and perpetual, subject only to provisions of state law. It makes its argument by analogy to other tax exemption statutes which contain explicit provisions for duration, or provisions which provide for reconsideration of the exemption.[3] Northeast asserts that silence in § 3832(7) demonstrates that its exemption is perpetual.

■ In Vermont, there is no home rule constitutional provision and towns have only those taxing powers specifically authorized by the Legislature. *Welch* v. *Town of Ludlow*, 136 Vt. 83, 87, 385 A.2d 1105, 1108 (1978). The Legislature may confer the power to

---

[1] Section 3802(4) provides a property tax exemption for "[r]eal and personal estate granted, sequestered or used for public, pious or charitable uses . . . ."

[2] Section 3832(7) provides that the exemption for public, pious or charitable uses does not include property used primarily for health purposes, "unless the town or municipality in which the property is located so votes at any regular or special meeting duly warned therefor."

[3] See 32 V.S.A. § 3834 (manufactories, quarries, and mines; exemption not to exceed ten years); 32 V.S.A. § 3836 (newly constructed homes; exemption not to exceed three years); 32 V.S.A. § 3837 (airports; exemption not to exceed five years); 32 V.S.A. § 3838 (hotels; exemption not to exceed five years); 32 V.S.A. § 3840 (charitable and fraternal organizations; exemption not to exceed ten years); 32 V.S.A. § 3841 (improved unoccupied or pasturage land; exemption not to exceed five years); and 32 V.S.A. § 3845 (alternative energy sources; exemption to continue until voted otherwise).

tax and to exempt from taxation upon a town in such measure as it pleases, and if it does so, the exercise of such right by the town in a legal way has the same effect as statutory law. *Id.; Caverly-Gould Co.* v. *Village of Springfield*, 83 Vt. 396, 403, 76 A. 39, 42 (1910).

■ An exemption will be strictly construed against the party claiming it, *Trustees of Vermont Wild Land Foundation* v. *Town of Pittsford*, 137 Vt. 439, 444, 407 A.2d 174, 177 (1979), and any doubts as to its application will be interpreted against the exemption. *Broughton* v. *Town of Charlotte*, 134 Vt. 270, 272, 356 A.2d 520, 522 (1976). Exemption statutes must be construed reasonably, and not in a manner that defeats the purposes of the statute. *Medical Center Hospital of Vermont, Inc.* v. *City of Burlington*, 131 Vt. 196, 199, 303 A.2d 468, 470 (1973).

Northeast is arguing for an implied exemption of unlimited duration given that the exemption in question was not for any specific length of time. Cf. *Lewis* v. *Town of Brandon*, 132 Vt. 37, 41, 313 A.2d 673, 675 (1973) (school district bound to five-year schedule of exemption as contracted between plaintiff and town); *Spaulding* v. *City of Rutland*, 110 Vt. 186, 189-91, 3 A.2d 556, 557-58 (1939) (plaintiffs entitled to five-year exemption although not actual party to whom exemption had been granted); *Rixford Manufacturing Co.* v. *Town of Highgate*, 102 Vt. 1, 4, 144 A. 680, 681 (1929) (town may not rescind exemption within term of exemption). Based on the above rules of statutory construction, however, it is not reasonable to impliedly exempt Northeast in perpetuity.

■ A tax exemption, regularly granted and accepted, and supported by consideration, is a binding contract, *Lewis*, 132 Vt. at 41, 313 A.2d at 675 (citing *Rixford*, 102 Vt. at 4, 144 A. at 681), and is constitutionally protected from impairment by later acts of the granting body. *Id.* If the exemption in question does not possess the elements of a contract, however, the exemption is deemed to be a gratuity offered by the town, with no assurance or intimation that the exemption was intended to be irrevocable, and the exemption will at all times be subject to modification or repeal. *Dodge* v. *Town of Worcester*, 129 Vt. 441, 445, 282 A.2d 799, 802 (1971) (citing *West Wisconsin Ry.* v. *Board of Supervisors*, 93 U.S. 595, 598 (1876)).

■ The facts do not demonstrate that this exemption possessed any elements of a contract and the exemption was properly

determined, as a matter of law, to be a gratuity. As such, it was subject to revocation by the town, just as an exemption statute by the Legislature is subject to repeal. *Dodge* v. *Town of Worcester*, 129 Vt. at 445, 282 A.2d at 802.

Accordingly, based on rules of statutory construction and lack of an enforceable contract, the 1984 vote by Town of Plainfield to remove tax-exempt status from Northeast was legal and within its statutory authority.

*Affirmed.*