HITCHCOCK CLINIC, INC. v. Marian MACKIE

[648 A.2d 817]

No. 92-064

March 10, 1993. Plaintiff Hitchcock Clinic appeals from a summary judgment denying recovery from defendant Marian Mackie for medical debts incurred by her late husband. The Clinic claims that the trial court should have applied New Hampshire law rather than Vermont law. Additionally, the Clinic contends that even if Vermont law applies, a wife is responsible for her husband's necessaries. We affirm.

The Clinic is a supplier of medical services located in New Hampshire. In 1987, Ernest Mackie, the late husband of the defendant, admitted himself to the Mary Hitchcock Memorial Hospital and received medical care from the Clinic. Defendant never requested or consented to the admission or treatment of Mr. Mackie. Additionally, she did not agree to pay or guarantee payment for services rendered to her husband. Mr. Mackie died in the Mary Hitchcock Memorial Hospital, and, at his death, Mr. Mackie had an outstanding medical debt with the Clinic for $9,915.66.

The Clinic filed this suit to collect the debt incurred by defendant's deceased husband. Both parties moved for summary judgment. Applying Vermont law, the trial court granted defendant's motion.

The Clinic first contends that New Hampshire law should have applied to this case because the contract for medical services was made in New Hampshire. The Clinic's argument, based on lex loci contractus principles (the law of the place of the contract) is inapplicable here because defendant was not a party to the contract. Instead, this case centers on whether a person can be bound by her spouse's contractual obligations. The law of the matrimonial domicile is applied when a court must interpret the incidents and obligations resulting from the matrimonial relationship. See *Shenandoah v. City of Philadelphia*, 438 F. Supp. 981, 989 (E.D. Pa. 1976) (Pennsylvania choice of law dictates that law of state of marital domicile be applied to determine spousal immunity issue because state of marital domicile has "paramount interest . . . in the resolution of this marital issue"); *LeBlanc v. Stuart*, 342 F. Supp. 773, 775 (D. Vt. 1972) (Vermont choice of law holds that law of the state of the family domicile governs issues of spousal immunity). Here, the matrimonial domicile was Vermont, and after Mr. Mackie's death, defendant continued to reside in Vermont. Additionally, the property the Clinic wished to attach is located in Vermont. The law of the state in which the property lies will govern disputes relating to property interests. Therefore, Vermont law applies, and we need not address the Clinic's argument premised upon application of New Hampshire law.

The Clinic's next claim is that, under existing Vermont law, defendant

is liable for payment of medical debts incurred by her spouse.* We disagree. Vermont law provides: "Neither a wife's separate property nor the rents, issues, income and products of the same shall be subject to the disposal of her husband or liable for his debts." 15 V.S.A. § 66. This Court will not look beyond the statute itself in an effort to determine whether any contrary legislative intent exists when the statutory language itself is clear and unambiguous. *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 530, 496 A.2d 154, 163 (1985). Under the facts of this case, § 66 prohibits creditors from reaching a wife's property to satisfy a contractual debt between her husband and a third party.

The Clinic asks us to extend the common law doctrine of necessaries to impose liability upon wives, as was done in New Jersey. See *Jersey Shore Medical Center-Fikien Hospital v. Estate of Baum*, 417 A.2d 1003 (N.J. 1980). This Court may not extend common-law principles to extinguish express statutory language.

*Affirmed.*

---

* We decline to address the Clinic's constitutional Equal Protection claim because it was raised for the first time during oral argument.