2006 VT 94

## William Gordon v. Board of Civil Authority for Town of Morristown

[910 A.2d 836]

No. 05-245

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed September 1, 2006

*Ronald I. Merelman,* Stowe, for Plaintiff-Appellee.

*Shapleigh Smith, Jr.* and *Douglas D. Le Brun* of *Dinse, Knapp & McAndrew, P.C.,* Burlington, and *Richard C. Sargent,* Morrisville, for Defendant-Appellant.

*William H. Sorrell,* Attorney General, and *Charles L. Merriman,* Special Assistant Attorney General, Montpelier, for Amicus Curiae State of Vermont.

¶ 1. **Burgess, J.** This case arises out of the Town of Morristown's assessment of real estate property taxes against an airplane hangar owned by William Gordon. The property on which the hangar sits is leased to Gordon by the State, which owns the land. Gordon challenged the tax assessment in Lamoille Superior Court, which held that the hangar was personalty, therefore not taxable as real property, and granted summary judgment in favor of Gordon. The Town appeals. Because we conclude that the superior court erred in concluding that the hangar was not taxable real property assessed to Gordon under 32 V.S.A. § 3608, we reverse.

¶ 2. The hangar is a bare, noninsulated wood frame structure with an aluminum roof and electric power. Gordon purchased the hangar from Elizabeth Darden on July 19, 2001. Four days later, with the State's consent as lessor, Darden assigned to Gordon the lease for the underlying land. The lease began in 1993 and is currently in its third five-year renewable term.

¶ 3. The lease called for the construction of the hangar within the first year of the lease and provides that the lessee retains title to all improvements constructed or installed on the leased premises. The lease also provides that upon termination, the State, as lessor, may require the lessee to remove or relocate the hangar, or to relinquish title of the hangar to the State. Gordon agreed in the lease to pay all taxes assessed on the premises, and on any buildings, structures, betterments, or other improvements. The lease contains restrictions on Gordon's use of the premises, ability to improve the premises, and

ability to transfer the lease. The State reserved the right to terminate the lease with thirty days notice.

¶ 4. Gordon appealed the assessment of the hangar to the Morristown Board of Listers, which affirmed the assessment, and then to the Morristown Board of Civil Authority, which also affirmed. Gordon then appealed to the Lamoille Superior Court, where the parties filed cross-motions for summary judgment; Gordon's was granted. We review a decision on a motion for summary judgment de novo, employing the same standard as the trial court. *Hardwick Recycling & Salvage, Inc. v. Acadia Ins. Co.*, 2004 VT 124, ¶ 14, 177 Vt. 421, 869 A.2d 82. To prevail on a motion for summary judgment, the moving party must show there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3).

¶ 5. In evaluating the tax status of the hangar, the superior court applied the test set out in *Sherburne Corp. v. Town of Sherburne*, 124 Vt. 481, 484, 207 A.2d 125, 127 (1965), to determine whether the hangar was a fixture on the land and thus part of the real estate. The court found, based on the lease terms, no intention by the lessor or lessee to make the hangar a permanent part of the realty, and so concluded the hangar was not real property under the *Sherburne* test.[1] Based on that finding, the court held that the hangar could not be taxed as real estate and granted Gordon's motion for summary judgment.

¶ 6. On appeal, the Town argues that the fixture test applied in *Sherburne* is inapplicable to determining whether the hangar is real property because the issue is governed by 32 V.S.A. § 3608, the statute governing real estate taxation of buildings on leased land or land not owned by the owner of the building. The Town asserts that the hangar is a building under the language of § 3608, and that Gordon is responsible for the tax under 32 V.S.A. § 3651, the statute requiring taxable real estate to be set in the grand list to the last owner or possessor in each tax year. Gordon argues that even if the hangar is considered real property, it is attached to the State's land and therefore not taxable to

---

[1] The *Sherburne* test considers: "(1) the annexation, actual or constructive, of the article to the real estate; (2) its adaptation to the use of the realty to which it is annexed; and (3) whether or not the annexation has been made with the intention to make it a permanent accession to the freehold." *Sherburne*, 124 Vt. at 484, 207 A.2d at 127.

him. Alternately, he argues that the tax is not properly assessed to him because the State holds all indicia of ownership in the hangar.

¶ 7. We first address the Town's argument that the hangar was appropriately assessed under 32 V.S.A. § 3608, which provides: "Buildings on leased land or on land not owned by the owner of the buildings shall be set in the list as real estate." The superior court declined to apply § 3608 because it concluded that, under the fixture test of *Sherburne*, the hangar was not considered part of the underlying real estate and therefore the Town had no authority to tax it. We disagree with the trial court's conclusion that § 3608 is inapplicable, or that this matter is subject to further analysis according to the law of fixtures. The fixture test applied in *Sherburne* is used to determine if property falls generally under the definition of real property under common law.[2] See *Sherburne*, 124 Vt. at 484, 207 A.2d at 127 ("By applying these tests ... we can decide what the character of the property at issue is under the law generally, without the pressures brought to that determination by possible tax consequences or the identity of the parties.").

¶ 8. By enacting § 3608, the Legislature specifically included buildings on leased land in the definition of taxable real estate, and recognized that a building can be taxed separately from the land upon which it sits. It is irrelevant whether a building falls under the general common law definition of real estate. The authority of towns to impose taxes, and on what property, comes from the Legislature. *Estey v. Starr*, 56 Vt. 690, 693 (1884) ("The usual powers exercised by towns to raise money by taxation are not inherent in the town, but exist because the legislature has conferred them."); *Town of Bennington v. Park*, 50 Vt. 178, 202 (1877) ("Every power [towns] exercise in the local administration of their affairs, is expressly delegated to them by legislative enactment."). Because the Legislature has chosen to define taxable real estate, this Court may not disregard that choice in favor of a common-law definition of real estate for tax purposes. See *Hitchcock Clinic, Inc. v. Mackie*, 160 Vt. 610, 611, 648 A.2d 817, 819 (1993) (mem.) ("This Court may not extend common-law principles to extinguish express statutory language."); *MAPCO Ammonia Pipeline, Inc. v. State Bd. of*

---

[2] The applicability of 32 V.S.A. § 3608 was not addressed in *Sherburne*, and there is no indication that § 3608 was raised or implicated. *Sherburne* held only that the trial court erred in finding that the ski lift equipment was taxable as personalty. 124 Vt. at 486, 207 A.2d at 128.

*Equalization & Assessment*, 471 N.W.2d 734, 748 (Neb. 1991) ("[A] legislature can statutorily change the usually accepted common-law definition of real estate and can designate subjects to be assessed and taxed as real estate."); *Portland Terminal Co. v. Hinds*, 39 A.2d 5, 9 (Me. 1944) ("[I]t is within legislative authority, for the purposes of taxation, to provide that real estate shall be assessed as personalty or that personalty shall be taxed as realty.").

¶ 9. We also agree with the Town that the hangar is a building. The term "building" is often used in a broad sense, referring to any structure enclosing a space or sheltering contents. *In re John A. Russell Corp.*, 2003 VT 93, ¶ 37, 176 Vt. 520, 838 A.2d 906 (mem.). The hangar, as a structure designed to enclose an area for sheltering airplanes, is a building. Because the hangar is a building on leased land, § 3608 requires that it be set in the grand list as real estate.

¶ 10. The superior court alternatively stated, and Gordon argues, that even if the hangar was real property it would be attached to the underlying land owned by the State, and therefore exempt from taxation pursuant to 32 V.S.A. § 3802(1) (exempting from taxation real and personal property owned by the State). Again, this reasoning depends on the trial court's application of the inapplicable law of fixtures. Section 3608 contemplates two separate listings when a building is located on land not owned by the owner of the building: one for the building, and one for the land. There is nothing in the statutory scheme to support the theory that the tax-exempt status of the landowner must be transferred to the building owner. See *Trustees of Vt. Wild Land Found. v. Town of Pittsford*, 137 Vt. 439, 444, 407 A.2d 174, 177 (1979) ("[E]xemption statutes are to be construed most strongly against those claiming the benefits."); see also *Portland Terminal Co.*, 39 A.2d at 9 (holding that private buildings on leased, tax-exempt land were still taxable to the building owner, regardless of the tax status of the underlying land).

¶ 11. Gordon also argues that even if the hangar is taxable real estate, it is not taxable to him because § 3608 does not address who is to be assessed for the building on leased land. To whom a property tax is assessed is governed by 32 V.S.A. § 3651, which states that: "Taxable real estate shall be set in the list to the last owner or possessor thereof on April 1 in each year in the town, village, school and fire district

where it is situated."[3] Because there are two separate grand list entries, ownership of the land itself is irrelevant in determining ownership of the hangar. Gordon stated as an undisputed fact in support of his motion for summary judgment that he is owner and title holder of the hangar. By the plain language of § 3651, Gordon, as owner, is responsible for the real estate taxes on the hangar, and the State is not responsible because it is not the owner of the hangar. Cf. *Magoon v. Bd. of Civil Auth. of Johnson*, 140 Vt. 612, 614-15, 442 A.2d 1276, 1277 (1982) (holding that plaintiffs were not liable for real estate taxes on property currently in their possession because the State owned and held fee simple title in the land); *Sherburne Corp. v. Town of Sherburne*, 145 Vt. 581, 585, 496 A.2d 175, 178 (1985) (holding that plaintiff corporation was not liable for taxes on land leased from the State because the State maintained ownership).

¶ 12. Despite his concession below that he is the owner, Gordon argues on appeal that he is not the "actual owner" of the hangar because the State holds all indicia of ownership. While the possibility does exist that at termination of the lease the State could take title to the hangar, that does not alter the undisputed fact that at the present time, and until the State executes its option to claim title, Gordon is the title holder for the hangar. See *Sherburne Corp. v. Town of Sherburne*, 145 Vt. at 585, 496 A.2d at 177-78 (holding that legal title alone was sufficient to establish ownership for purposes of tax exemption statute). Therefore, based on the undisputed facts, the Town of Morristown is entitled to judgment as a matter of law. For the foregoing reasons, we reverse the trial court's grant of summary judgment for Gordon and its denial of the Town's cross-motion, and we remand with directions that summary judgment be entered for the Town.

*Reversed and remanded.*

---

[3] Section 3651 is located in the subchapter titled "Where and to Whom Real Estate Taxed" whereas § 3608 is located in the subchapter titled "Subjects and Manner of Taxation." The statutory scheme should be construed together as a harmonious whole. *In re Estate of Cote*, 2004 VT 17, ¶ 10, 176 Vt. 293, 848 A.2d 264. The titles of the subchapters support the interpretation of the statutory scheme. Section 3608 explains what subjects can be taxed, and § 3651 explains who is responsible for the tax on those subjects.