VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     22-AP-352

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

MAY TERM,   2023

| | |
|---|---|
| Steven Neratko\* v. Town of Springfield, Vermont | } APPEALED FROM:<br>}<br>} Superior Court, Windsor Unit,<br>} Civil Division<br>} CASE NO. 21-CV-00679<br>Trial Judge: Robert P. Gerety, Jr. |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order granting summary judgment to defendant, the Town of Springfield. On appeal, plaintiff argues that summary judgment was not appropriate because there were disputed issues of material fact. We affirm.

The following facts were undisputed for purposes of summary judgment. Plaintiff was hired as town manager in April 2020. At the time of hiring, plaintiff resided in the Town of Dover. Pursuant to his employment agreement and the Town Charter, he was required to assume residency in the Town of Springfield within six months of his hire. See 24 V.S.A. App. Ch. 149 § 31(d) ("The person appointed as Town Manager need not be a resident of the Town or State at the time of appointment, but must assume residence within a period judged reasonable by the [Selectboard], but not to exceed six months.").[1] By October 1, 2020, six months after his hire, plaintiff had not established residency in the Town.

The Town conducted a three-month review of plaintiff and some themes that emerged were the need for increased availability and accessibility of plaintiff. During plaintiff's employment, plaintiff claims he raised issues of concern regarding the use of taxpayer funds. He became aware of particles spreading from a construction site at property owned by the Springfield Housing Authority and he reported it to the Agency of Natural Resources. Plaintiff's report exposed the Housing Authority to potential investigations and fines. At a public Selectboard meeting in October 2020, plaintiff voiced concerns about the use of a revolving loan fund.

---

[1] This quote is the version of the charter in effect at the time. The residence requirement in the charter was amended effective May 16, 2022, to provide that the Selectboard may require the Town Manager to become a resident of the Town "within a period of time judged reasonable by the Selectboard."

The Selectboard began a six-month performance review of plaintiff in October 2020. On November 2, 2020, plaintiff left the office early and subsequently informed the Selectboard that he did not intend to work for the foreseeable future. On November 5, 2020, the Selectboard notified plaintiff of its intent to terminate him because he had not assumed residence within the Town, and plaintiff was placed on administrative leave. The Selectboard convened a public hearing on November 30, 2020, to consider a resolution to terminate plaintiff. Plaintiff was represented by counsel at the hearing and admitted that he was not a Town resident. The Selectboard subsequently voted to remove plaintiff as town manager for failing to establish residency.[2]

Plaintiff sued the Town for wrongful termination in violation of public policy and breach of contract, alleging that his dismissal for lack of residency was pretextual and his termination was actually based on an unlawful motive. The Town moved for summary judgment. The Town argued that it was irrelevant whether the Town wanted to terminate plaintiff for some other reason because plaintiff's failure to establish residency within six months required his termination. The court granted judgment in the Town's favor, concluding that the Town charter required the town manager to assume residency within six months and plaintiff's failure to comply mandated plaintiff's termination. The court concluded that any pretext was not relevant because plaintiff's removal was required by the charter. Plaintiff appeals.

On appeal from an order granting summary judgment, we use the same standard as the trial court. Gordon v. Bd. of Civ. Auth. for Town of Morristown, 2006 VT 94, ¶ 4, 180 Vt. 299. A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a).

On appeal, plaintiff first argues that whether the Town terminated him in compliance with law is a disputed question of fact for the jury to decide. To sustain a claim for retaliatory discharge in violation of public policy, plaintiff must show (1) he was "engaged in an activity protected by public policy; (2) defendant knew of the protected activity; (3) defendant fired [him]; and (4) the sole or principal reason for [plaintiff's] discharge was that [he] had engaged in protected activity." Adams v. Green Mountain R.R. Co., 2004 VT 75, ¶ 7, 177 Vt. 521 (mem.). If plaintiff can make a prima facie case, the burden shifts to defendant to provide a legitimate reason for dismissal, and plaintiff must then demonstrate that the reason is pretext. Id. ¶ 8.

Plaintiff contends that summary judgment was not appropriate because there were genuine issues of material fact regarding the fourth element—whether his dismissal was based on the lack of residency or was pretext for an unlawful motive. The deficiency of plaintiff's argument is that the Town lacked discretion to continue plaintiff's employment given plaintiff's noncompliance with the residency requirement. Plaintiff concedes that the charter language was

_____

[2] These facts are drawn from the Town's statement of undisputed facts. Although plaintiff also filed a statement of undisputed facts, he did not respond to the Town's statement as required by the rule, so it is difficult to discern which of the Town's facts he asserts are disputed. See V.R.C.P. 56(c)(2) (requiring nonmoving party to respond paragraph by paragraph to identify facts that are disputed). In any event, we need not resolve the decision on this basis because plaintiff does not dispute the relevant facts—that his employment contract and Town Charter required that he establish residency within six months, that he did not comply with this requirement, and that the Town stated that it terminated his employment for failure to comply.

mandatory.[3] Because it is undisputed that the Town was mandated by its charter[4] to terminate plaintiff's employment, it is immaterial whether the Town had additional motives for terminating plaintiff and whether those motives violated public policy.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

---

[3] Plaintiff did not allege that the residency requirement was waived or nonuniformly enforced by the Town in the past.

[4] We need not consider whether the employment contract also mandated termination since the charter, as adopted into statute, plainly required plaintiff to obtain residency within six months and did not give the Town discretion to waive this requirement.